Tompkins, J.,
delivered the opinion of the Court.
It is contended by Price’s cousel, that the authority in Shepherd’s Touchstone, 57,. has been misunderstood. The words of the author are, that a corporation may seal a deed by any other seal than their common seal, and the deed is never the worse. We understand this rule to mean, that when any seal is used, it must still be proved to have been adopted by the corporation. If the common seal is used, it must be proved by a corporate act to be the common seal; if another than the common seal is used, it must first be proved that the corporation in council agreed and ordered such seal to be used in that particular instance, and then it must be proved, that the officer, whose duty it may be to affix the seal, did do so. When this is done, then, only is it true, that a corporation may make a deed by any other seal than the common seal. Those things do not exist in this case, nor does the approbation of seven directors afterwards, ratifying the execution of the writing, as they call it, make the matter any better. They only ratify the execution of the writing. This ratification does not make the instrument a deed, unless it were a deed before. It doe# not make a smooth plaster of wax, a sealed impression. These things, we know,, are technicalities; but is it to be remembered, that a corporation only exists by tech *475 nical fiction, and all it does must he technical, and, in general, can only be known by using signs, which the law has given it power to use, to evince its existence or its consent.
We do not think there is any analogy between the cases, of sealing by individuals and corporations.
In the case of a natural person, there is but one will to be proved; but in the case of aggregate corporations, there are many natural wills, and they must be conjoined before any corporate will is produced; and this conjunction is to be proven by proof of the common or special sign of consents having been given. In the case of a natural person, tlA fact that any seal was used by him, is proof that his whole will concurred in assent to the act done. Therefore, the analogy fails.
The petition is overruled.