JAMES F. TORRANCE *v.* BETSY, an Indian.

1. EJECTMENT: TITLE OF PLAINTIFF.—In an action of ejectment at common law, or in an action under the New Pleading Act, for the recovery of land, the legal title to the land, at the time of the trial, must be in the plaintiff, in order to justify a judgment for the recovery of the land.   It will be error, therefore, if the court exclude from the consideration of the jury, a deed from the plaintiff having the legal title, at the commencement of the suit, made to the defendant in possession during the pendency of the action and before the trial.

2. MOTION: RECORD.—A motion to dismiss a suit, and a letter on which it is founded, is not a part of the record, and will not be noticed, unless contained in a bill of exceptions.

IN error from the Circuit Court of Yalabusha county.   Hon. William S. Harris, judge.

On the 10th day of May, A. D. 1853, the defendant in error commenced an action under the New Pleading Act, against the plaintiff in error, in the Circuit Court of Yalabusha county, for the recovery of a quarter section of land lying in said county, and which she claimed title to, under the provisions of the Dancing Rabbit Treaty, granting certain reservations of land to the fatherless children among the Choctaw Indians.

Leave was given at the May term of said court to amend the declaration, which was done by inserting therein the name of Jenkins Devany, as usee in the action.   To this the defendant pleaded not guilty, and the issue was submitted to the jury, who found a verdict for the plaintiff.

VOL. I.—9

It appears from the bill of exceptions taken on the trial, that the plaintiff proved she was entitled to the land in controversy, under and by virtue of the Dancing Rabbit Treaty, and that the same had been located for, and confirmed to her, and that the defendant was in possession of the premises at the commencement of the action, and at the time of the trial.

The defendant then offered in evidence a deed from said Betsy, made and executed by her on the 4th day of February, A. D. 1854, by which she conveyed and released to him, all her right and title to the land in controversy.   Due and legal proof of the execution of the deed by said Betsy, was also tendered at the same time, but upon objection of plaintiff's attorney, the court refused to permit the deed to go to the jury.

*E. L. Acee*, for plaintiff in error.

The deed from Betsy to Torrance, was improperly excluded from the jury.

In the case of *Seely* v. *Moore*, 16 Johns. R., it is said that though the defendant forcibly entered and took possession, he is not precluded from setting up title in himself, or a third person in bar of the action.   See also *Jackson ex dem. Loop* v. *Harrington*, 9 Cow. 86 ; *Colston* v. *McKay*, 1 Marsh. R. 251.·

Also, "a defendant who does not derive his possession from the plaintiff, but claims adversely, may *at any time before the trial*, purchase an outstanding title to protect his possession."   *Tucker's Executors* v. *Keeler*, 4 Ver. 161.

This is what was done in the case at bar, and yet the court below refused to admit the evidence of this purchase.

But in the case of *Carter's Lessee* v. *Parrott*, 1 Ten. R. 237, the doctrine is laid down equally broad.   In that case the court decided, "that the defendant may read in evidence, a conveyance, though executed since issue joined."

Now upon what principle is this doctrine based ?   Upon the leading and distinctive characters governing actions of ejectment, "that to recover in this action, the lessees of the plaintiff must have a legal title to the land, both at the *commencement* and *trial* of the cause."   *Carroll et al., Lessee,* v. *Norwood's Heirs*, 5 Har. &

Torrance *v.* Betsy.

Johns. 164; *Bates ex dem. Shattuck* v. *Tucker*, Chip. R. 37; Till. Adams on Eject. 32.

This doctrine is founded on the principle, that whenever a party's rights cease or determine, his right of action ends. In this respect there is no difference between actions of ejectment and actions of debt or *assumpsit*. If a party holding a bill of exchange or promissory note against another, institutes a suit thereon, and *before trial*, receives payment from the defendant, and surrenders to him the evidence of indebtedness, he *forfeits* his right to a recovery, and at best can only insist on a judgment for *costs* of suit.

In the case at bar, the record shows that when the defendant offered his quitclaim deed in evidence, neither the *nominal* nor *real* plaintiff had any interest in or title to the land in controversy, the first having parted with her title to the defendant, and the latter, (Devany) producing not the slightest testimony to support his demands. Under these circumstances the Circuit Court erred in excluding the evidence tendered by the defendant, and for that reason, the decision of the circuit judge should be reversed, and a new trial granted.

*Geo. L. Potter*, for defendant in error.

This was an action of ejectment, brought by Betsy against Torrance, to recover a tract of land, to which she was entitled by treaty with the United States, the proceedings being under the Pleading Act of 1850. A verdict was rendered for her, and Torrance prosecutes this writ.

The main point urged for plaintiff in error is, the exclusion of a deed for the land in controversy, from Betsy to Torrance. We say this was no error, for two reasons.

1. The complaint charged title in Betsy, and that defendant had entered and ejected her from the land. The plea was, *not guilty*. It requires no argument, upon the Pleading Act of 1850, to show that this plea put in issue the ouster, whilst it admitted the title set forth in the complaint. The intent of that statute was, to compel the parties litigant to set forth distinctly and clearly for ordinary comprehension, their rights and claims to the matter in controversy; and neither party is permitted to prove what is not

involved in complaint and answer.   In this instance, the excluded deed was inadmissible, because not relied on as a defence in the answer, and also because the answer admitted title.

2. The deed was inadmissible, on another ground.

The suit was brought 10th May, 1853, and this deed bears date in 1854, near one year after the ouster complained of.   The deed did not tend to support the answer or disprove the allegations of the complaint.   The rule is clear, that the plea or answer must relate to the time of suit brought, and show that plaintiff had no cause of action *at that time.*   Such a defence is necessary to constitute a full bar to the action.   If there be matter subsequent to the suit, on which the defendant wishes to rely, he must set it forth specially ; but such matter will not be a full bar, inasmuch as defendant is liable for costs to the time such matter occurred.   Thus if a note in suit be paid after suit brought, payment must be pleaded, not as a full bar, but in bar of the further prosecution of the suit; and such plea admits that defendant is liable for all prior costs. So of a subsequent release or deed.   It cannot be pleaded as a full bar, and is not evidence to maintain or prove a full bar of the suit.   Consequently it cannot be offered under such a plea.

If the answer in this case means any thing, it does mean, as it expressly says, that defendant was not guilty *"in manner and form,"* as in the complaint alleged; and it is plain that the subsequent deed did not tend to show that defendant was not so guilty. See *Jackson* v. *M'Call,* 3 Cowen, 79.

PER CURIAM.—The court below erred in rejecting the deed offered in evidence by the defendant on the trial.   A plaintiff in ejectment, or in a proceeding to recover land, under the late Pleading Act, must, in order to recover, have the title to the land at the trial ; otherwise, if a recovery be had at all, it will be only for the purpose of carrying the costs and giving the party damages for the time he is illegally kept out of possession.   If judgment be entered in such case for the land, it will be with a perpetual stay of execution.

Under any view of the law, therefore, the deed was improperly ruled out : the motion to dismiss is not on the record.   It is true,

the letter is copied by the clerk, but it is not in the bill of exceptions.

Judgment reversed, and *venire de novo* awarded.