## J. P. MILLS ET AL. *v.* CARY SCOTT ET AL.

1. TAX ASSESSMENT. *Delivery of roll to clerk. Failure to file same.*
   Where an assessment roll is delivered by the assessor to the clerk of the board of supervisors at the time prescribed by law, its validity is not affected by the failure of the clerk to indorse it " filed," with the date of its reception by him.

2. SAME. *No hearing of objections or making of corrections. Presumption.*
   Where the minutes of a board of supervisors show no entry of the hearing of objections to an assessment roll or of the making of corrections thereof at the time prescribed therefor by the statute, it must be presumed that no objections were made and no corrections required.

3. SAME. *Approval thereof. The word " received " used for approved.*
   Where it is ordered by a board of supervisors that an assessment roll be " received," the word " received " may be construed to mean *approved,* if it.be apparent from the entire order that such was the sense in which it was used.

4. SAME. *Approval in September. Revenue act of* 1878.
   Under the revenue act of 1878 the approval of an assessment roll by the board of supervisors at their September meeting, 1879, was legal. *Wolfe* v. *Murphy,* 60 Miss. 1, cited.

APPEAL from the Chancery Court of Leake County.

HON. T. B. GRAHAM, Chancellor.

On the 1st of March, 1880, a certain tract of land belonging to J. P. Mills and F. L. Edwards was sold to the State for the taxes of 1879, and on the 23d of July, 1881, the State's title thereto was bought by Cary Scott and Jerry Phillips. On the 18th of May, 1883, Mills and Edwards filed the bill in this case, alleging that the assessment for 1879, upon which the tax-sale was based,

was void upon three grounds: (1) "The said assessment roll was not presented and delivered to the clerk of the chancery court of said county at the time required by law;" (2) "The said assessment roll was not taken up by the board of supervisors of said county and examined and corrected at their meeting begun and held on the first Monday of August, 1879, as required by law;" and (3) "The said assessment roll was not approved by the board of supervisors of said county at their meeting begun and held on the first Monday of August, 1879, or at any other meeting of said board at any other time, as required by law." The prayer of the bill was that the sale by the tax collector to the State and the sale and conveyance by the State to the defendants, Scott and Phillips, be declared void and the cloud upon complainant's title be removed. The answer of the defendants denied the above stated allegations of complainants' bill.

The assessor and the clerk of the board of supervisors both testified that the assessment roll was delivered by the former to the latter on the first Monday of July, 1879. But the roll was not filed, and there was no contemporaneous written memorandum evidencing the date of its reception by the clerk of the board of supervisors. The minutes of the board of supervisors, entered at their meeting commencing on the first Monday of August, 1879, contain no reference to any action of the board concerning the assessment roll of that year. But the minutes of a meeting of the board held on the first Monday of September, 1879, contain an order in the following language: "Ordered by the board, that the assessment rolls presented by A. M. McBryde, tax assessor of Leake County, both real and personal, filed in the chancery clerk's office on the first Monday of July, 1879, the same having been duly examined and corrected, be received, and that the clerk of this court make the copies required to be made by law, and deliver the same to the officers authorized to receive the same."

The court below dismissed the bill of complaint, and the complainants appealed to this court.

*Raymond Reid,* for the appellants.

1. The assessor, by the act of 1878, was required to *complete*

and attest his assessment roll and deliver it to the clerk on or before the first Monday of July, 1879.

Unless this was done the roll was null and void, and all sales under it were invalid.    58 Miss. 138; 60 Ib. 945; Ib. 963.

There is no entry, record, or writing in the office of the clerk of the supervisors showing that the assessment roll of 1879 was completed and delivered to the supervisor's clerk on or before the first Monday of July, 1879.

The clerk should mark the roll "filed" when delivered to him by the assessor, and the marking it "filed" is the *proper* evidence of its delivery to the clerk by the assessor.    There was no marking of the roll of 1879 "filed" by the clerk, and no official evidence of its delivery to him at the proper time.

2. The supervisors were required by law to meet on the first Monday of August, 1879, and then to take up the assessment roll and examine and correct it and *approve* it.    Acts of 1878, p. 38, § 27.

This action of the board upon the roll is mandatory and of the highest importance to the taxpayer.

The only evidence of such action of the board is the minutes of the board.    52 Miss. 110.    The minutes of the board show no action by them on the roll at their August term, 1879.    This action of the board on the roll is expressly *required* by *law* and cannot be dispensed with.    58 Miss. 369; 60 Ib. 16; 55 Ib. 18–20.

3. The order of the board at their September term, 1879, did not amount to an approval of the assessment roll.    This order was that the roll be "received," but the statute provided that the roll should be "received," examined, corrected, and "approved."    Acts 1878, p. 38, § 27.    It was merely a "receiving" and not an "approval."    In parliamentary proceedings a "receiving" is quite different from an "approval."

*G. M. C. Davis,* for the appellees.

Appellants impeach the validity of the sale of the land in question to the State on the ground (1) that the assessment roll was not delivered to the clerk of the chancery court on the first Monday in July, 1879, as was required by law.    This ground they fail to sustain by proof.

The second and third grounds may very properly be considered together.

Did the board of supervisors examine the roll at its August meeting, 1879? Upon this question the testimony is conflicting. The record shows that the board did then meet, as the law required them to do. The presumption is (in the absence of proof to the contrary) that the board did its duty, and that presumption is strengthened in this case by the testimony of the assessor that he was present with the board at its August meeting, 1879, as the law required him to be, and that the board did examine said roll.

The taxpayer is entitled to his day in court, and if he has had this, then the approval of the assessment roll is the judgment of the board, and though the law says this shall be done at the first Monday in August, yet it may be done at the regular meeting in September, as held in *Wolfe* v. *Murphy*, 60 Miss. 1.

*O. A. Luckett, Jr.*, on the same side.

1. The assessment roll was presented and delivered to the clerk at the time required by law (first Monday July, Acts 1878, § 26).

The appellees proved by a preponderance of the evidence that it was presented and delivered. It is not necessary that the minutes at the July term should show this delivery.

2. Did the board of supervisors examine and correct the assessment roll at their August meeting?

The appellees are not only occupying a negative position on this question, but the well-known maxim of " *Omnia præsumunter rite esse acta* " is especially applicable in this case, for it is a strong presumption that an officer charged with the execution of a duty performs it, and this presumption must be entirely overthrown.

3. In *Wolfe* v. *Murphy*, 60 Miss. 1, it was decided that an approval of an assessment roll may be made at any time before levy of taxes. The order passed at the September term approves the roll. While the word " approved " is not used, yet the word " received " is used in the same sense and means the same thing.

COOPER, J., delivered the opinion of the court.

The validity of the assessment roll, which was deposited by the

assessor on the day required by the statute with the clerk of the board of supervisors, is not affected by the failure of the clerk to mark it filed.

The board of supervisors held its August meeting at the time and place required by law. No objections seem to have been taken to the assessment, nor does it appear that at that meeting or at any other there were any corrections made. We must assume that none were made because none were required, or, if made, that it was done at the proper time.

While the board at its September term used the word "received" in its order in reference to the roll, it is apparent from the whole order that the word was used in the sense of approved, and an approval at that term was sufficient. *Wolfe* v. *Murphy*, 60 Miss. 1.

*The decree is affirmed.*