NICHOLAS GRAYSON v. M. E. RICHARDSON, ET AL.

1. TAX SALE. *Evidence. List of land.*

A list of lands sold to the State for taxes, duly made out according to law, is *prima facie* evidence that the lands therein embraced were properly assessed, were delinquent for taxes duly imposed, and were sold according to law.

2. TAX TITLE. *Presumption as to filing of assessment roll.*

In a proceeding to confirm a tax bill, after *prima facie* proof of the validity of the assessment, if the assessment roll upon which the sale for taxes was based be introduced in evidence and fail to show the time when the same was filed with the clerk of the Chancery Court, it must be presumed to have been filed at the time prescribed by law.

3. TAX ASSESSMENT. *Appointment of delinquent assessor to make new roll.*

The appointment of a delinquent assessor to make a new assessment roll, though a breach of duty by the Board of Supervisors in executing the power vested in them by the 26th Section of an Act of the Legislature, approved March 5th, 1878, does not invalidate the roll made by him in pursuance of such appointment. *Wolfe* v. *Murphy,* 60 Miss., 1; *Corburn* v. *Crittenden,* 62 Miss., 125, Cited.

4. SAME. *Approval of roll. Case in judgment.*

An order by a board of supervisors that an assessment roll " be received and the clerk will certify copies thereof to the auditor as the law directs," sufficiently shows an *approval* of the roll by such board. *Wolfe* v. *Murphy,* 60 Miss., 1, and *Mills* v. *Scott,* 62 Miss., 525, Cited.

5. TAX SALE. *Exemption of land held by Levee Board. Expiration thereof. Case in judgment.*

A certain tract of land held by the Liquidating Levee Board was sold by the commissioners for that board to one F., in September, 1881, and such sale was duly noted on the roll of forfeited lands in the tax collector's office. F. conveyed the land to E., whose name was inserted on the assessment roll. Thereafter, in March, 1882, the land was sold to the State for the unpaid taxes of 1881. *Held,* that the sale was not invalid because of the provisions of law exempting lands held by the Levee Board from taxation, the land in question having ceased to belong to that board before the sale, and being properly subject to sale for the taxes thereon due the State.

6. SAME. *Validity of, where part of taxes not due.*

Under Section 42, page 12 of the Laws of 1878, a sale for taxes is not invalid

because a part of the taxes for which such sale was made were improperly levied, when the taxes legally due were neither paid nor tendered. *Corburn* v. *Crittenden*, 62 Miss., 125, Cited.

APPEAL from the Chancery Court of Coahoma County.

HON. W. R. TRIGG, Chancellor.

Nicholas Grayson exhibited this bill against Mrs. M. E. Richardson and others, asking that his tax title to a certain tract of land be confirmed.

On the trial the complainant introduced in evidence a list of the lands sold to the State in 1882, for the unpaid taxes of 1881, embracing the land in controversy, and a conveyance of the same from the State to himself.

The defendants presented certain evidence in relation to the assessment roll of 1879, under which the land was sold for taxes, the import and effect of which are sufficiently stated in the opinion of the Court. Defendants also showed that the land in controversy was sold to the Liquidating Levee Board in 1868, for levee taxes, and in September, 1881, was sold by the Levee Board to one Ford, who sold the same to one E. Richardson, whose heirs are defendants herein. There was other evidence concerning the sale by the Levee Board to Ford, which will be found stated in the opinion of the Court.

The Chancellor dismissed the bill, and the complainant appealed.

*Cutrer & Cutrer*, for the appellant.

The list of lands and certificates, and the deeds from the auditor to appellant are *prima facie* evidence that everything essential to the tax collector's power to sell had been done and existed at the time of such sale. The burden of proof was upon appellees to show the invalidity of the sale, if such invalidity existed.

Code 1880, Sec. 526.

The first objection urged below to the title sought to be confirmed is that the land assessment roll of 1879 was never approved by the Board of Supervisors of Coahoma County, the word "received" being used instead of the word "approved," in the order of approval; and then it was said, even if the word

"received" should be held *sufficient*, an approval at the September meeting, 1879, was ineffectual, because not at the meeting prescribed by the Revenue law of 1878. The Court has frequently decided both questions under the same act adversely to appellees. Vide——— *Wolfe* v. *Murphy*, 60 Miss., 1; *Corburn* v. *Crittenden*, 62 Miss., 125; *Mills* v. *Scott*, 62 Miss., 525.

It is immaterial that counsel agree that the roll was received and approved at a special meeting of the Board, "said meeting not having been called for that purpose."

That meeting was called according to, and authorized by, law; Code 1880, Sec. 2135; Laws of 1878, page 39, Sec. 29. So far as the order of approval is concerned "it is wholly immaterial to the tax payer whether it is made at one term or another." The roll is validated if the order is entered at any time before the levy of the tax for which the land is sold. *Vide Wolfe* v. *Murphy*, *Supra*, 60 M., 16.

As to when the assessor *filed* the roll, no endorsement of the *fact* of filing, of the *date thereof*, nor of *any thing else* is required to be made on the roll; and in the absence of any affirmative showing by proof aliunde, it must be presumed that the roll was filed at the time, and dealt with in the manner required by law. 62 Miss., 525, *Supra*.

Aside from this, the language of the Board at its regular August meeting, 1879, shows the roll had been returned prior to that time, and the legal presumption of the filing of the roll as required by law is entirely sustained and confirmed thereby.

*J. W. Cutrer*, of counsel for the appellant, argued the case orally.

*D. A. Scott*, for the appellees.

Complainant has no valid claim or legal or equitable title to the land in controversy. (1st) because the land assessment roll of Coahoma County for the year 1879 was not received or approved by the Board of Supervisors of said county at the time or in the manner prescribed by law; it will be observed that the proof develops the following state of facts: that said assessment roll was not completed at the regular August (1879) meeting of said Board of Supervisors, at which meeting said roll should properly have been approved, and hence was not delivered to the clerk of

said Board on or before the first Monday in July, 1879, nor did said Board at that or any other time appoint any one to complete said assessment roll, but without authority of law granted to the derelict assessor further time (to wit, until the first Monday in September,) within which to complete and return the same; this action upon the part of the Board of Supervisors was beyond their power and void; said roll was not received or approved at the time designated by said Board, although a meeting was held on that day, but was *received* on September 16th, 1879, at a special meeting of that body called for an entirely different purpose; we therefore maintain that said roll was void and all proceedings or sales thereunder, were and are illegal. 58 Miss., 138; 60 Miss., 541; 60 Miss., 963; 60 Miss., 1; Rev. Act 1878, Sections 26 to 29.

(2d.) At the time said tract of land was sold it was assessed upon said land roll, and appeared thereon as the property of the Liquidating Levee Board, and could not therefore have been legally sold for taxes. 58 Miss., 628; 60 Miss., 293.

COOPER, C. J., delivered the opinion of the Court.

The list of lands sold for taxes was *prima facie* evidence that the land in controversy was properly assessed, was delinquent for taxes legally imposed, and was sold according to law.

The first objection taken to the assessment roll that it was not filed with the clerk of the Chancery Court on or before the first Monday in July, 1879, is not supported by the evidence. It is not shown when it was filed, or that it was not filed before that time. The oath of the assessor was not made to the roll until August 20th, and this would indicate that it had not then passed from his possession. But the record also discloses the fact that the board of supervisors met on the 4th day of August, and that the roll was then acted upon by them. It must therefore have been in the possession of the clerk at that time ; and in the absence of proof as to when it came to him, the presumption must be that it was at the time required by law.

In this connection it is said that the order of the board, made at its August meeting, establishes the fact that the roll as a completed roll had not been previously filed with the clerk.

The order is as follows: " The board having carefully examined the assessment roll of Coahoma County for the year 1879, and having made all needful corrections, it is therefore ordered that the assessor of Coahoma County do proceed to complete said roll, and present the same to this board at their next meeting on the first Monday of September, 1879."

This order is fairly susceptible of two radically different meanings. It may be that the board meant only to instruct the assessor to so change the roll as to conform to the orders made by it in correcting assessments; if such be its proper construction, it does not serve to show that the roll had not been returned at the proper time, and the presumption arising from the conveyance to the State that all precedent steps had been legally taken would prevail and establish the fact of a proper return. It may be that the roll was not completed at the time the board dealt with it at its August meeting, and that by its order then made, it intended to appoint the delinquent assessor as the person who should " make and complete the roll " under the provisions of the 26th Section of the Act of March 5th, 1878. But if this be the meaning of the order, the roll when made and returned as thereby directed, was not a roll which could have been filed with the clerk on the first Monday of July. It was a new roll, and its return day was at the next meeting of the board, to which all tax-payers were warned to appear and interpose objections thereto; just as to a roll regularly made, they would have been warned to make objections after the first Monday of July before the clerk. The fact that the board appointed the delinquent assessor to make the new roll, though a breach of duty, did not as we have held invalidate the roll made by him. *Wolfe* v. *Murphy*, 60 Miss., 1; *Corburn* v. *Crittenden*, 62 Miss., 125.

The order of the board made at its September term, that the roll " be received and the clerk will certify copies thereof to the auditor as the law directs," sufficiently shows an " approval " of the roll by the board. The context clearly shows that the word " received " is not used to indicate only that the board has accepted the custody of the roll, but that its meaning is that the board adopted it as corrected by them as a completed, approved

roll.  *Wolfe* v. *Murphy*, 60 Miss., 1 ; *Mills* v. *Scott*, 62 Miss., 525.

If it be conceded that the land in controversy was once owned by the Levee Board, and was properly assessed to it, and was exempt from taxation while so held, it was yet properly sold for the taxes of the year 1881.  In September of that year it was sold by the Levee Commissioners to one Ford, and the fact of such sale noted on the roll of forfeited lands in the office of the tax collector.  We think the evidence also shows the name of E. Richardson, the purchaser from Ford, was inserted on the assessment roll before the sale for taxes.  In proceeding to collect the taxes the collector was discharging a duty devolved on him by law.  The change of ownership was indicated on the proper record, and thereafter the taxes were chargeable to the collector, and this being the case he was authorized to sell upon default in payment.

Whether the whole tax for which the land was sold was properly levied is immaterial ; certainly the taxes due the State should have been paid ; and since such taxes were neither paid nor tendered, the sale cannot be annulled because other taxes were demanded.  Laws of 1878, page 12, Section 42.  *Corburn* v. *Crittenden*, 62 Miss., 125.

In our opinion the complainant has exhibited a good tax title and is entitled to have confirmation thereof.

The decree is reversed and a decree directed to be entered here.