---

### Aʟɪᴄᴇ MᴄIᴠᴇʀ v. J. V. Aʙᴇʀɴᴀᴛʜʏ ᴇᴛ ᴀʟ.

Cᴏʀᴘᴏʀᴀᴛᴇ Sᴇᴀʟ. *Conveyance of land. Equitable title.*

A conveyance of the land of an incorporated bank executed by its officers, where the purchase-money is paid, passes the equitable title, without the use of a corporate seal. Whether the complete legal title passes by such a conveyance is not decided.

From the chancery court of the second district of Chickasaw county.

Hon. Baxter McFarland, Chancellor.

The Okolona Savings Institution was an incorporated bank, and owned the lands in controversy. In the year 1882 these lands with others were sold by the bank, the purchase-money being paid. Deeds were executed which were signed by the president and cashier, but no corporate seal was attached as the charter required. The purchasers went into possession. Afterward, in 1884, the bank failed and made an assignment of its effects for the benefit of creditors. Mrs. McIver, the appellant, who was a stockholder and also a creditor of the bank, having reduced her claim to judgment after the sale and conveyance of the lands as above, had execution levied upon this land, and was proceeding to a sale of the same as the property of the bank, when the appellees, claiming under the deeds from the bank above mentioned, exhibited the bill in this case to enjoin the sale. With the other facts above stated, it was alleged in the bill that the bank had never, in fact, adopted a corporate seal. A demurrer to the bill was overruled. From the decree overruling the demurrer the defendant appealed.

*Miller & Baskin,* for appellant.

The common law declares that a corporation cannot convey its real estate except under its seal. In no other way can its corporate assent be expressed. If it be said that this requirement is a technicality, the answer is that a corporation has only a technical existence. The instruments relied on by appellee in this case were executed by the officers as individuals, and not by the bank as a corporation.

It is immaterial that the code of 1880 abolished the use of private seals. Corporate seals are still requisite, and are necessary to express the corporate will. The reason of the law in requiring these is that there must be a correct mode for the invisible being, a corporation, to act. The vendees, knowing the law, bought the lands from Hill, president, and Bramlett, cashier, and must look to them personally. The title never having been divested out of the bank, the land is subject to the judgment of the appellant.

There is no analogy between the cases of sealing by an individual and the use of a corporate seal. In the one case only the will of the individual is to be proved, while in the other the corporate will is to be expressed—the will of a number of natural persons. Our statute dispenses with private seals, but expressly provides for the use of corporate seals. See charter of bank, acts 1865, p. 425. See also code 1880, §§ 993 and 1194; 1 Ohio R. 390; 8 Conn. R. 191; 2 Cush. (Mass.) 337; 16 Mass. 42; 19 Johns. 60; 2 Black (U. S.) 715; 19 Vt. 230; 11 N. H. 44; 1 Neb. 439; *Perry* v. *Prince*, 14 Am. Dec. 316; Angell & Ames on Cor., §§ 221, 226, 295; Thomp. on Liability Officers Cor., p. 57.

*John W. Fewell*, on same side.

It is of no avail for appellees to claim that it would be a hard case for them to lose the land they have paid for. These "hard cases sometimes make bad laws." By the common law, by the statute of the state, and by the charter of this corporation, a seal was necessary to the conveyance of its lands. To hold that the title passed in disregard of this requirement would be legislation.

If the statutes providing for conveyances of land by deed were abrogated, *livery of seizin* would be necessary, and no writing would avail any more than in the old time. The power to convey by deed is derived from the statutes. Then, if a conveyance is not made in conformity with the power so derived, is it not nugatory? Will the court make a law,—create a right?

There is a great difference between the use of a seal by an individual and a corporation. The individual will is evidenced by the signature; but, as a corporation cannot write nor speak, the law gives a symbol by which it can and must express its aggregated intention, the corporate seal—an indispensable thing. Hence it is that whilst the individual seal is abolished, the corporate seal is still required.

The appellees got no title; their recourse is upon the corporation to recover their money, and it does not alter the legal aspect of the case that the corporation is insolvent. If they had purchased a worthless title, they would have to look to their covenants of

warranty, and the insolvency of the grantor would not affect the right to the land.

*W. T. Houston*, for appellee.

If an authorized agent should sell or agree to sell land to a purchaser, who pays a fair price in good faith, and receives a defective deed, equity will compel specific performance as against the principal, and by receiving the fruits he is estopped to deny the contract. Wharton on Agency, § 514 and notes.    The same rule applies in case the principal is a corporation, unless its charter provides otherwise.    Indeed, the principle may be invoked with greater force, because a corporation can only act through officers and agents. Ib., §§ 57, 59.

One cannot take the benefits of a transaction and reject its burdens.    Receiving the purchase-money ratifies the act of an agent, however irregular, or even fraudulent, in making the sale of property.    Ib. 89.

Where an agent executes an instrument in his own name, the consideration passing to the principal, the latter is bound thereby, at least in equity, and he must make good the transaction.    Ib., §§ 283, 288.

*Thos. J. Buchanan, Jr.*, on same side.

In modern times the ancient strict rule in regard to the use of seals has been wholly discarded.    1 Morawetz on Pri. Cor., § 338, and authorities cited.    It is true § 1194 of the code provides for the use of a seal in the conveyance of lands by a corporation, but even if this were an imperative requirement, appellees would have a good title to this land as against appellant, for she was one of the largest stockholders of the bank.    As such she stood by and saw appellees pay their money, and go into possession several years before the failure of the bank, and did not object that the officers were without authority to convey. 45 Mich. 103 ; 2 Mor. on Pri. Cor., §§ 632, 635.

A provision like the one under discussion, as to the conveyance of lands, is designed mainly to regulate the corporate affairs for the benefit of the shareholders. Ib., § 672.    Conveyances of property have been held to confer title, although made in disregard of such

provisions. Ib., § 678, and note 1.   The contract being executed, the appellant, who claims through the bank, cannot complain, without paying back the money. Ib., § 724. It would be gross injustice to permit the bank to recover back the property, and the appellant is also estopped.

If the deeds without seal did not pass title, they were good as an agreement to convey, which agreement a court of equity will enforce. .

COOPER, J., delivered the opinion of the court.

The position of counsel for appellants, that the assent of the corporation can only be shown by the use of its corporate seal, never received the sanction of American courts, and as to many contracts, the earlier doctrine of the English courts has been modified.   The contrary rule is so universally established in America that citation of authorities is unnecessary.

We do not decide (because unnecessary to the disposition of this cause) whether the conveyances under which the appellees claim are valid at law to transfer the title of the corporation. It is sufficient to say, that in any event appellees secured perfect equitable titles, and this is sufficient to sustain the decree. We know of no principle under which a corporation, whose authorized officers have attempted to convey its property, can appropriate the purchase-money; and then, upon the ground of a defective execution of the power of conveyance by its agents, recover in equity the property.

*The decree is affirmed.*