## W. S. GIBBS *v.* JOHN McGUIRE.

1. SEALS.   *Code 1880, § 993, abolishing.   Not retroactive.*

>   Section 993, code 1880, abolishing all distinctions between sealed and un-
>   sealed instruments, except as to corporations, was not retroactive.   It
>   does not affect conveyances executed prior to the adoption of said code,
>   either as to the rights conferred by them or the remedies on them.

2. SAME.   *Title in ejectment.   Unsealed deed.   Lex rei situs.*

>   Accordingly, an unsealed deed, executed prior to the code of 1880, did not
>   convey the legal title, and cannot now be relied on as evidence of title
>   by a plaintiff in ejectment.   That the deed was executed in another
>   state, where seals were not required, makes no difference.   The *lex rei situs*
>   controls.

FROM the circuit court of Bolivar county.

HON. W. R. WILLIAMSON, Judge.

Ejectment by W. S. Gibbs against John McGuire.

The assignments of error present many and complicated
questions, but the single point decided by the court is suffi-
ciently illustrated by the facts stated in the opinion.   On the
trial the court, as to the issue here involved, gave a peremp-
tory instruction for defendant, and plaintiff appeals.

*Moore & Jones* and *Mayes & Harris*, for appellant.

It is true that a deed must be executed according to the
*lex rei situs.*   It is manifest that the failure to affix the seal
arose from the fact that the grantor was a citizen of Texas,
where seals were not necessary, and the deed was executed
before the code of 1880 was adopted; but by § 993 of that
code the defect was cured.   The question is merely one of
remedy, and this section abolishes all distinction between
sealed and unsealed instruments, both as to rights and rem-
edies.   An unsealed deed, even before the code of 1880, was
not a nullity.   It conveyed a perfect equitable title.   *Nixon*

v. *Carco*, 28 Miss., 414. Besides, § 993 was intended to ef-
fectuate the intention of the grantor, which was in danger
of failure because of a technical rule as to conveyancing, not
applicable under the law of the domicile of the grantor.
See Cooley's Con. Lim., 369–378. Appellee does not claim
to be a *bona fide* purchaser of this title who will be injured
by this application of the statute. The point can serve him
only to defeat appellant's action by the rule that plaintiff in
ejectment must recover on the strength of his own title.

*Nugent & McWillie*, for appellee.

In an action of ejectment, the plaintiff must show a per-
fect legal title in himself. The unsealed instrument, executed
prior to the code of 1880, was not evidence of title. At that
time real estate could only be disposed of by deed, and a seal
was an essential part of a deed. See *Davis* v. *Brandon*, 1
How. (Miss.), 154; *Alexander* v. *Polk*, 39 Miss., 737.

COOPER, J., delivered the opinion of the court.

It is unnecessary to consider several important and inter-
esting questions argued by counsel, for, whatever might be
the conclusions reached upon them, the insufficiency of the
plaintiff's title is so evident that but one result can be
reached, which is to affirm the judgment of the court below.
In the chain of title, the plaintiff produced and relied upon a
conveyance of title by a writing not under seal, executed
on the twentieth of January, A.D. 1880, some nine months
before the code of 1880, by which seals were abolished, be-
came operative. The instrument was executed by the maker
in the state of Texas, by whose laws, it is said, seals were not
required to deeds, and this fact is suggested as explanatory
of the failure to seal the conveyance on which the plaintiff
relies. The rule that a conveyance of land must be made ac-
cording to the *lex rei situs* is recognized by counsel, who
seek to avoid the consequence of the absence of the seal by
the suggestion that by the code of 1880 the use of private

seals was dispensed with, and all distinction between sealed and unsealed instruments, made by private persons, either as to rights conferred by them or the remedies on them, were abolished. Code 1880, § 993.

Counsel's position is that the instrument is not a nullity, but is effectual to convey a complete equitable title, and that all-else is a mere question of remedy, and that, since, by the section of the code referred to, all distinction of remedy was abolished, the plaintiff may recover at law, as well as in equity, upon the right given by the instrument.

While the power of the legislature to have so legislated as to give effect to unsealed conveyances according to the intention of the parties is admitted, we find no evidence of any such purpose in the law. It does not declare a rule for the past, but for the future, and, having abolished the use of seals, it, at the same time, abolished those distinctions which had previously existed in reference to remedies which rested upon the existence of seals. But there is nothing to indicate that a different effect was to be given to an instrument previously executed than it had at the time of its execution. The one introduced by the plaintiff was confessedly insufficient to convey the legal title to land when it was made. *Alexander* v. *Polk*, 39 Miss., 737. And the plaintiff suing in ejectment at law must recover upon a legal title. *Thompson* v. *Wheatley*, 5 Smed. & M., 499; *Wolfe* v. *Dowell*, 13 *Ib.*, 103; *Torrance* v. *Betsy*, 30 Miss., 129; *Heard* v. *Baird*, 40 *Ib.*, 793; *Lockhart* v. *Camfield*, 48 *Ib.*, 470.

*Judgment affirmed.*