MORGAN, ROBERTSON & CO. *v.* T. G. BLEWITT, SR.

1. TAX TITLE.    *Assessment roll. Presentment. Presumption.*

Where there is no evidence as to when an assessment roll was presented to the clerk, the presumption will be indulged that it was delivered at the proper time.    *Grayson* v. *Richardson,* 65 Miss., 222.

2. SAME.    *Evidence of filing.    Case.*

Where its minutes show that the board of supervisors met on the first Monday in August, 1883, and after equalizing assessments, committed the roll to the assessor for completion, and that on the first Monday in September, the assessor having conformed it to the changes made, it was approved, a mere indorsement thereon, "filed August 23, 1883," signed by the clerk, will not overcome the presumption that it was delivered at the proper time, viz., on the first Monday in July.    In view of the recitals of the minutes, it will be presumed that such indorsement was made when the roll was returned after corrections authorized by the board.

3. SAME.    *Supervisor's session illegally prolonged.*

The mere fact that the session of the board of supervisors, held for examining the roll and equalizing assessments, exceeded by three days the limit fixed by law, does not render the roll invalid it appearing that it thereafter came into the hands of the assessor, and was completed and approved by the board at the next session.

4. EJECTMENT.  *Tax title.    Equitable defense inadmissible.*

In ejectment, equitable defenses are inadmissible.    Therefore, when the vendee of a purchaser at tax sale brings ejectment, it is not

permissible to show that, because of the circumstances under which the purchaser bought at the sale for taxes, he was a trustee of the legal title for defendant, the owner, and disqualified to purchase and hold against him.

From the circuit court of Lowndes county.

Hon. Newnan Cayce, Judge.

Action of ejectment by Morgan, Robertson & Co., claiming under a tax title, against appellee, Thomas G. Blewitt, Sr., former owner of the land. Judgment for defendants. Plaintiffs appeal. The facts touching the only questions passed upon by the court sufficiently appear in the opinion.

*J. A. Orr*, for appellants.

1. It was manifest error to hold that a defendant in ejectment can interpose an equitable defense. This was permissible under the code of 1857. There are some *dicta* to the contrary, but in a review of our decisions we find they are uniform in holding such a defense cannot be maintained, with perhaps the single exception that where a mortgage has been paid off, the mortgagor can defend against the mortgage title. *Thompson* v. *Wheatley*, 5 Smed. & M., 499; *Moody* v. *Farr*, 33 Miss., 192; *Rice* v. *Wright*, 46 *Ib.*, 679; *Lockhart* v. *Camfield*, 48 *Ib.*, 470; *Edwards* v. *Edwards*, 15 So. Rep., 42.

2. The objection that the assessment roll of 1883 was not filed on or before the first Monday of July, as required by § 499, code 1880, is untenable. The seeming irregularity touching the assessment roll is satisfactorily explained in the record. Defendant offered no evidence except the roll itself and the minutes of the board of supervisors, and these do not show when it was filed. The indorsement, "Filed August 23, 1883. W. C. Bishop, *Clerk*," does not explain what was filed. It was not the duty of the clerk to make such unexplained indorsement, or any indorsement. If it had reference to the roll, it meant the second filing of the roll after being completed pursuant to the order of the board. The roll was delivered to

the board prior to the August term. At that term it proceeded with the equalizers to equalize the assessments. The roll was delivered to the assessor to complete, and at the September term of the board the minutes show it was approved. *Osburn* v. *Hide*, 68 Miss., 45, presents a case very different from this.

*George A. Evans*, on the same side.

1. That a failure to deliver the rolls at the proper time renders the assessment void, is not denied; but the fact of such nondelivery is not shown in this case. The statute itself makes the deed *prima facie* evidence that the assessment and sale were legal. Code 1880, § 526; *Lochte* v. *Austin*, 69 Miss., 271. The inference that, because the roll is filed August 23 and the oath of the assessor is dated September 4, 1883, the roll has not left the possession of the assessor before that, is wholly unwarranted, and is completely destroyed by order of the court made August 15. It is certain that on August 6 the board was in possession of the roll, and proceeded to examine it and equalize the assessments. The law did not require the time of the delivery to be noted or the roll to be marked filed. *Mills* v. *Scott*, 62 Miss., 525; *Grayson* v. *Richardson*, 65 *Ib.*, 222. See, also, *Corburn* v. *Crittenden*, 62 *Ib.*, 125. The absence of the affidavit when the roll was filed, does not affect its validity, if approved by the board. *Grayson* v. *Richardson*, *supra*.

2. It was error to allow evidence to show equitable title as a defense to the ejectment suit. *Thompson* v. *Wheatley*, 5 Smed. & M., 499; *Dixon* v. *Porter*, 23 Miss., 84; *Heard* v. *Baird*, 40 *Ib.*, 793. In *Moody* v. *Farr*, 33 *Ib.*, 192, the case of *Brown* v. *Weast*, 7 How., 181, seeming to hold a contrary doctrine, was overruled. See, also, *Lockhart* v. *Camfield*, 48 Miss., 470; *Rice* v. *Wright*, 46 *Ib.*, 679; *Bonner* v. *Lessley*, 61 *Ib.*, 392, which did not involve an equitable title to land, but the right of a party as the equitable assignee of a debt. *Land* v. *Keirn*, 52 Miss., 341, was not decided on the ground that defendant had

the equitable title, but that plaintiffs were shown not to have a legal title.   See, also, *Edwards* v. *Edwards*, 15 So. Rep., 42.

*Thomas J. O'Neill*, for appellees.

1. An equitable defense is available in an ejectment, the only condition being that the equitable right must be such as to entitle defendant in a court of equity to have the legal title divested and vested in him.   *Lockhart* v. *Camfield*, 48 Miss., 470; *Land* v. *Keirn*, 52 *Ib.*, 341; *Chiles* v. *Gallagher*, 67 *Ib.*, 413. That an equitable estoppel is available at law, see Herman on Estoppel, § 611; Bigelow on Estoppel, 476, 599; Sedgwick & Wait, Trial of Title to Land, 713; 49 Mich., 125.

That Claude Blewitt was disqualified to buy at the tax sale, see *Faison* v. *Johnson*, 70 Miss., 214.

2. The tax title is void for lack of a valid assessment, the law requiring the completed roll to be filed with the board of supervisors on or before the first Monday of July, and to remain on file until the first Monday in August following.   This was to allow opportunity for filing objections.   Code 1880, § 499.   The only evidence of such filing is the entry on the minutes August 23, 1883, nearly two months after it should have been filed.   Even then the roll did not have the affidavit of the assessor, which was not made until September 4, 1883. The entry of the board at the August term affirmatively shows that the roll was in an incomplete condition, and instructed the assessor to finish the roll.   The subsequent entry, at the September term, was that the assessor had completed the roll.   This posthumous approval could not give it validity.   There was no order approving the roll when the changes were made, and no order requiring the clerk to certify copies to the auditor.   *Davis* v. *Vanarsdale*, 59 Miss., 367; *Carlisle* v. *Chrestman*, 69 *Ib.*, 392; *Carlisle* v. *Goode*, 71 *Ib.*, 453.

*Linton D. Landrum*, on the same side.

There is a distinction between an equitable charge and an equitable title.   The former cannot be set up by defendant in

ejectment, while the complete equitable title may be. *Bonner* v. *Lessley*, 61 Miss., 392. We submit that the evidence shows a complete equitable title in the defendant. The purchaser at the tax sale was disqualified to buy and set up an adverse title. On his purchase, he became a trustee of the legal title for defendant. Plaintiff himself recovered on the strength of his own title. The first link of the title relied on is a tax deed, which, it is shown, is void. For that reason, he cannot recover. On this point see *Lund* v. *Keirn*, 52 Miss., 341; Broom's Com. on Com. L., 177; Coke on Littleton, 235.

Argued orally by *J. A. Orr*, for appellants, and *L. D. Landrum* and *Thomas J. O'Neill*, for appellee.

Campbell, Special Judge, delivered the opinion of the court.

The general instruction for the defendant was given upon the assumption that the tax sale of March, 1886, which is the foundation of the plaintiff's title, was void because of the want of a legal assessment. The assessment was in 1883. It is not shown when the assessment roll was delivered to the clerk of the board of supervisors. There is no evidence on the subject, and the presumption will be indulged that it was delivered to the clerk at the proper time. *Grayson* v. *Richardson*, 65 Miss., 222.

It is claimed that the entry on the roll in these words, "Filed August 23, 1883. W. C. Bishop, *Clerk*," and the affidavit by the assessor to the roll, made September 4, 1883, prove that the roll was not delivered to the clerk on the first Monday of July, as required. From the minutes of the board of supervisors introduced in evidence, it is shown that the board met on the first Monday of August, and, with the equalizers then provided for by law, proceeded to examine the roll and equalize the assessment by districts, and on August 15, having completed its work, the assessment roll was committed to the assessor to be finished or completed in conformity to the action of the board, and it is a just conclusion that, on completion by

the assessor by making the roll conform to the changes made
by the board, he delivered it to the clerk, who marked it,
"Filed August 23, 1883," and the board met, as required, on
the first Monday of September, and made an order reciting that
the assessor had completed the assessment rolls, real and per-
sonal, for the fiscal year 1883, and "on motion, the same are
approved," and proceeded to levy county taxes.    From these
entries it is apparent that the roll was before the board and was
dealt with by it, and was afterwards conformed by the assessor
to the changes made by the board, and was then delivered to
the clerk, and was approved by the board at its meeting in
September, and made the basis of its levy of county taxes for
the year 1883 and subsequent years, while it was operative.
In all this we do not discover any illegality or want of legality
to condemn the assessment.    We are not aware of any authority
the board of supervisors had to be in session from day to day
from the sixth of August until the fifteenth, when the statute
limited their session or term to six days, but if they were in
session without legal authority after six days, and the assess-
ment roll got into the hands of the assessor and was completed
by him, and afterwards approved by the board, it was sufficient.

It was, therefore, erroneous to give the general instruction
to find for the defendant.    The tax sale was not void for want
of a valid assessment, as it assumed.

After the plaintiffs had introduced their evidence of title be-
ginning with the tax collector's deed to Claude Blewitt, under
whom they claimed, the defendant was permitted to give ev-
idence, over the objection of the plaintiffs, to show that, because
of the circumstances under which Claude purchased the land
at the sale for taxes, he was a trustee of the legal title for the
defendant, and was disabled to purchase and hold against the
defendant.    The giving of this evidence against the objection
of the plaintiffs, is assigned for error, and, as the case will be
remanded for a new trial, it is proper to pass on this question
in the case with a view to the next trial of it, when it may be

assumed the same question will arise. In ejectment, in a court of law, only the legal title is involved, and equitable defenses are inadmissible. There may be cases where it would be very convenient and advantageous, and would seem to be proper to permit an equitable defense in a court of law in resistance of an action to recover land, but the difficulty of drawing the line between cases where such defense may or may not be allowed, suggests the wisdom of denying it in all cases and leaving parties to the appropriate forum for the assertion of equitable rights; and so long as the state maintains two sets of courts to administer justice where one would do it better, and without questions as between law and equity, it is the duty of the courts to maintain the distinction between legal and equitable rights and remedies, and that each shall avoid any invasion of the province of the other. This will prevent confusion and preserve the constitutional scheme of two sets of courts. However desirable it may be to have one court, about which there can be no mistake or dispute, to administer whatever justice the jurisprudence of the commonwealth affords in each case, without dismissing a party to seek some other tribunal, the courts are unable to accomplish this, and must uphold existing arrangements, and each court must continue to administer the principles applicable to it, and not lengthen its arm to seize what belongs to the other. Each court must complacently recognize its impotence to give relief in many cases, and dismiss a party to seek it elsewhere in the state's temple of justice, but in another apartment.

*Reversed and remanded.*

Woods, J., being absent on account of sickness, took no part in this decision. J. A. P. Campbell, Esq., a member of the bar, under appointment, sat in his place.