### THOMAS B. GRAHAM ET AL. *v.* ANDREW WARREN.

1. EJECTMENT. *Tax title. Plaintiff's incapacity to purchase. Equitable defense.*

   The plaintiff in ejectment, seeking a recovery on a tax title, cannot be shown by defendant to have been incapacitated to purchase at the tax sale, since such a defense is equitable rather than legal.

2. SAME. *Statute of limitations. Code* 1892, §§ 2730, 2734.

   Proof of ten years' actual possession of land under claim of ownership will *prima facie* defeat a recovery in ejectment on a tax title executed and operative more than ten years before the beginning of the suit, since such possession and claim will be presumed to have been adverse to the tax deed.

3. SAME. *Vendor and vendee. Bond for title. Tender of deed. Default.*

   An ejectment cannot be maintained against one holding under a bond for title, executed by the plaintiff or his privies, without evidence of a tender of a deed to and the placing of defendant in default of his obligation evidenced by the bond, and in such case it is immaterial that a deed was tendered defendant by strangers to the bond.

FROM the circuit court of Scott county. ʻ

HON. JOHN R. ENOCHS, Judge.

Graham and others, appellants, were plaintiffs and Warren, appellee, defendant in the court below. The action was an

ejectment brought by plaintiff, one of whom was the surviving partner of the firm of M.' D. Graham & Co. and the others the heirs at law of M. D. Graham, deceased, against Warren, appellee, to recover certain land described in the declaration. Defendant pleaded "Not guilty," with notice of claim for improvements, taxes, etc. After proving title out of the government, plaintiffs offered the list of lands forfeited to the state for taxes in 1884, and a deed from the state to M. D. Graham & Co., dated November 11, 1887, each embracing the land sued for. The suit was instituted in September, 1899. Defendant introduced a bond for title to the land to himself from Hi Eastland & Co., dated February 26, 1881, and testimony showing that he had been in adverse possession of the land for more than ten years before the beginning of the suit and for several years before the tax sale. Evidence was also introduced, which tended to show that Graham & Co. claimed to own the land at the time of the tax sale, and defendant insisted they were consequently incapacitated to purchase at that sale. The evidence showed that the firm of M. D. Graham & Co. was composed of M. D. Graham and Hi Eastland, and the firm of Hi Eastland & Co. was composed of these same two men and one Thornton. There was no evidence as to the character of Warren's holding except, perhaps, an inference from the bond for title. The court gave a peremptory instruction to find for defendant. From verdict and judgment in accordance therewith, plaintiffs appealed to the supreme court.

*Kirkland & Bullard* and *Alexander & Alexander*, for appellants.

The tax deeds to and from the state are regular, and were introduced without objection on the part of defendant. There was absolutely no evidence as to the character of Warren's holding, as to whether it was adverse. The sole issue presented and argued in the lower court and on which the court gave a peremptory instruction for the defendant was the bar

of the ten years' statute.   In holding that the plaintiff's right
of action was barred, the court fell into an obvious but per-
haps natural error, deciding that the ten years' statute was in-
tended to prescribe a bar for the remedy for the recovery of
land instead of fixing a period by which adverse possession for
the time prescribed should vest title.   This distinction is
pointed out in *Ellis* v. *Murray*, 28 Miss., 129.   The defense
of limitations or of adverse possession is an affirmative de-
fense, and the burden of showing it is on the defendant.   The
presumption always is that possession is in subordination to
the legal title.   Mere proof of occupancy is not sufficient to
raise a presumption that the possession is adverse.

We answer the defense that the plaintiff's purchase of the
tax title inured to the defendant is an equitable defense which
cannot be made in ejectment.   *Morgan* v. *Blewitt*, 72 Miss.,
903.

*A. W. Cooper*, for appellee.

According to § 2755, code of 1892, and the case of *Proctor*
v. *Hart*, 72 Miss., 288, when a note given for the payment on
land is barred, the vendor's lien is also barred; and the renew-
ing of the barred note does not renew the vendor's lien.   The
note in this case was due December 1, 1881, and was barred
December 4, 1887, and so the lien was at the time barred.   The
note was renewed December 31, 1889, two years after it was
barred.   As a vendee, appellee began to hold adversely on
the 4th day of December, 1887, the note then being barred.
Suit was filed in September, 1899, nearly twelve years there-
after.   At this time the title was perfect and complete in ap-
pellee.   *Moring* v. *Ables*, 62 Miss., 263; *Niles* v. *Davis*, 60
Miss., 750.   If appellants claim as vendors then before suit is
brought, they must tender a deed and demand the purchase
money; this they failed to do.   *Bolton* v. *Roebuck*, 77 Miss.,
710.   If they do not claim as vendors, and ever had a right,
it began on the 4th of November, 1887, the day of the pur-

chase from the state by them, and at that time appellee, under bond for title, was holding adversely, and continued to so hold until the filing of this suit, a period of about twelve years.

CALHOON, J., delivered the opinion of the court.

It is true that the defendant below could not defeat the ejectment suit on the ground that appellants were incapacited to buy at the tax sale. The reason is that this is an equitable defense, which is not admissible at law. *Morgan* v. *Blewitt*, 72 Miss., 903 (17 South., 601), cited in brief for appellants. But the plaintiffs below were not the vendors of Warren, and show no conveyance to them from Hi Eastland & Co., who were his vendors. Even if vendors, they could not get along without putting him in default by tender of conveyance and demand of payment. Under their bill of particulars of title, they rely solely on a tax deed of date November 4, 1887; and, without showing any privity of estate with the vendors in the bond for title, they sued Warren in ejectment to recover the land more than ten years thereafter. Now, Warren was in possession of the land under bond for title from other persons on February 26, 1881, and was so in possession when sued, and before the tax title was acquired. Plaintiff's right is barred by the ten-year statute of limitations. Warren having gone in under Eastland & Co., the fact of his possession is presumed to be adverse to an intervening tax purchaser until some recognition of holding subordinately to the tax title is shown, and none appears in this record.

We cannot see that the promissory notes of Warren to his vendors have any relation to this case, even if they would have had if Hi Eastland & Co. had been the plaintiffs below.

There was no deed from Hi Eastland & Co. to plaintiffs offered in evidence, and, without this, it was properly held incompetent to show that plaintiffs, Graham & Co., had tendered Warren a deed, and equally incompetent to show that Thornton, a partner in Hi Eastland & Co., had made a deed to

plaintiffs. The deed was the thing to offer; it should speak for itself, and had to be from all the firm, and not from one partner. But the record shows that the plaintiffs, and not the defendant, objected to the question whether plaintiffs had a deed from Thornton.

*Affirmed.*