T. A. LITTELLE *v.* CREEK LUMBER COMPANY.

[54 South. 841.]

CORPORATION. *Deeds. Seals. Ejectment. Legal Title. Code* 1906, *sections* 901, 2766, 4631.

.Under Code 1906, section 901, section 2766 and 4631 authorizing corporations to adopt a seal and to convey land under the corporate seal and abolishing the distinction between sealed and unsealed instruments made by private persons, a deed to land by a corporation made in this state, not under its corporate seal does not convey the legal title and cannot be availed of in an action of ejectment where the plaintiff must have the legal title.

APPEAL from the circuit court of Forrest county.
HON. W. H. COOK, Judge.

Ejectment by T. A. Littelle against Creek Lumber Company. From a judgment for defendant, the plaintiff appeals.

The appellee sold a lot to one Steadman, who afterwards conveyed to appellant, Littelle. Appellant claiming certain tenement houses on the land, which appellee asserts were to be reserved, an action of ejectment was instituted by appellant against appellee. On the trial, appellant offered in evidence the deed executed by appellee to Steadman; but same, not being under the corporate seal of the appellee, a corporation, was excluded on objection of appellee, and a peremptory instruction given to find for appellee.

*Currie & Currie,* for appellant.

We put this proposition to counsel for appellee, and call on them to answer it. Under our Code chapter on corporations, could a corporation be legally required and compelled to adopt and have a seal? Section 901 simply provides: "May have a corporate seal."

99 Miss.—16

Our intention is that this provision is merely directory, and that a corporation organized and chartered under our chapter may or may not as it elects adopt and have a seal.

Under the common law before the use of the seal was abolished and before the enactment of our statutes relating. to the use of the seal, such a person could have required by legal proceedings, or absolutely compelled by order of court, the adoption of a seal and the affixing of it to the supposed deed, but at that time a crooked mark, flourish of the pen or scroll—anything most— would have complied with the order.

Not only has it been the general and uniform trend of legislation and the decisions of courts to get away from the use of the seal, but the general business custom has been to dispense with them, and we dare say our state has in it many deeds to land executed by corporations which do not bear the private corporate seal, and our statutes should be held directory on the grounds of public policy.

In every single case in our state where a question has been before our court, since the Code of 1880 went into effect, so far as we have been able to ascertain, involving the necessity of the use of the seal, the court has decided against it.

In *Lumber Company* v. *Cain,* 70 Miss. 628, the court held that a corporation could convey its property without the use of its seal.

In *Brown* v. *British Company,* 86 Miss. 388, the court held that the written appointment of a substituted trustee in a deed of trust to sell land in which a corporation was beneficiary need not be under seal.

In the case of *Alice McIver* v. *J. V. Abernathy et al.,* 66 Miss. 79, the court held that a conveyance of the land of an incorporated bank executed by its officers, where the purchase money is paid, passes the equitable title, without the use of a corporate seal.

*N. C. & C. E. Hill,* for appellee.

We respectfully call the court's attention to the case of *Gibbs* v. *McGuire,* 76 Miss. 646, which was an action of ejectment. The plaintiff in this case, in proving his chain of title, introduced a deed not under seal. The deed was executed by a private individual in the state of Texas, under whose laws the deed of a private individual required no seal, about nine months before the Code of 1880, which abolished seals as to individuals, went into effect. Objection was made by the defendant to the introduction of the deed and the objection was sustained. We call the attention of the court to the fact that in this case the statute abolishing seals, as to individuals had already been enacted, but the Code had not yet gone into effect. Yet so strict was the law in its requirements of the individual seal that the court held the deed in question without the seal absolutely void and plaintiff failed to sustain its action of ejectment.

We are unable to find among the numerous authorities cited on this question any state decision which dispenses with the use of the seal in the conveyance of real estate by a corporation, especially in an action of ejectment where a complete legal title is necessary to sustain the action. We find plenty of authorities showing the necessity for the use of the seal, but will not set the decisions out here at length. For cases in point see American Digest, Century Edition, vol. 12, columns 1828 and 1829, section 1781, showing decisions from numerous states requiring the use of the seal by a corporation in the conveyance of its real estate. Also the following well-known authorities on corporations: Cook on Stock and Stock-Holders and Corporation Law, 3d Ed., vol. 2, §§ 721-722, and Marshall on Corporations, p. 240 *et seq.* Mr. Marshall is a recognized authority on corporations and this text is the one used in our own state university. Twice does this author say that a conveyance of real

estate by a corporation must be under the corporate seal.

The other errors assigned by appellant cannot be considered in this case. The only question to be decided here is whether or not the corporate seal is essential to the validity of a deed by a corporation. It has been repeatedly held in this state that in order to sustain an action of ejectment plaintiff must rely on a complete and perfect legal title. *Thompson* v. *Wheatly,* 5 Smed. & M. 499; *Wolfe* v. *Dowell,* 13 Ib. 103; *Torrance* v. *Betsy,* 30 Miss. 129; *Heard* v. *Baird,* 40 Ib. 793; *Lockhart* v. *Camfield,* 48 Ib. 470; *Gibbs* v. *McGuire,* 70 Miss. 646.

WHITFIELD, C.

The question upon which the decision of this case pivots is whether a deed to land, made by a private corporation without affixing its corporate seal thereto, is valid in an action of ejectment at law. It was undoubtedly the rule at common law that a private corporation could not convey its real estate, except under its corporate seal. *In Perry* v. *Price,* 1 Mo. 664, 14 Am. Dec. 316, the court said: "Those things do not exist in this case, nor does the approbation of seven directors afterwards, ratifying the execution of the writing, as they call it, make the matter any better. They only ratify the execution of the writing. This ratification does not make the instrument a deed, unless it were a deed before. It does not make a smooth plaster of wax a sealed impression. These things, we know, are technicalities; but it is to be remembered that a corporation only exists by technical fiction, and all it does must be technical, and, in general, can only be known by using signs, which the law has given it power to use, to evince its existence or consent. We do not think there is any analogy between the cases of sealing by individuals and corporations. In the case of a natural person, there is but one will to be proved; but in the case of aggregate corporations there are many

natural wills, and they must be conjoined before any corporate will is produced; and this conjunction is to be proven by proof of the common or special sign of con-, sent having been given. In the case of a natural person, the fact that any seal was used by him is proof that his whole will concurred in assent to the act done. Therefore the analogy fails.''

Section 901 of the Code of 1906 provides that every corporation created under the chapter on ''Corporations'' may have a ''corporate seal'' and may ''sell and convey real estate.'' Section 2766 of the Code of 1906, in the chapter on ''Land and Conveyances,'' provides that ''corporations may convey their lands by and under corporate seal and the signature of an officer,'' etc. Section 4631 of the Code of 1906, which first appeared as section 993 of the Code of 1880, provides: ''The use of private seals is dispensed with, except as to corporations; and all distinction between sealed and unsealed instruments, made by private persons, either as to the rights conferred by them or the remedies on them, is abolished.''

In the case of *Gibbs* v. *McGuire,* 70 Miss. 646, 12 South. 829, a deed was made to land in this state by an individual living in Texas, on the 20th day of January, 1880, nine months before the Code of 1880, by which seals were abolished as to individuals, became operative. At that time the law of Texas did not require a seal to such a deed, and the court held that the deed was void, and unavailable in an action of ejectment, because the law at that time had not been changed by section 993 of the Code of 1880. The court said: ''While the power of the legislature to have so legislated as to give effect to unsealed conveyances according to the intention of the parties is admitted, we find no evidence of any such purpose in the law. It does not declare a rule for the past, but for the future; and, having abolished the use of seals, it at the same time abolished those distinctions

which had previously existed in reference to remedies which rested upon the existence of seals. But there is nothing to indicate that a different effect was to be given to an instrument previously executed than it had at the time of its execution. The one introduced by the plaintiff was confessedly insufficient to convey the legal title to the land when it was made. *Alexander* v. *Polk,* 39 Miss. 737. And the plaintiff, suing in ejectment at law, must recover upon a legal title. *Thompson* v. *Wheatley,* 5 Smedes & M. 499; *Wolfe* v. *Dowell,* 13 Smedes & M. 103, 51 Am. Dec. 147; *Torrance* v. *Betsy,* 30 Miss. 129; *Heard* v. *Baird,* 40 Miss. 793; *Lockhart* v. *Camfield,* 48 Miss. 470.''

This case is conclusive here, since this also is an action of ejectment, and, so far as private corporations are concerned, section 993 of the Code of 1880 and section 4631 of the Code of 1906 expressly except corporations. There is no escape, therefore, from the conclusion that a deed of a private corporation, made at this time in this state, to land, cannot be availed of in an action of ejectment, where the plaintiff must have the legal title, if that deed be not under seal. Such is the effect of our statutory law in this regard. So far as the case of *McIver* v. *Abernathy,* 66 Miss. 79, 5 South. 519, is concerned, it is only necessary to say that that was a suit in equity, and the case has no application here.

The case of *Morgan* v. *Blewitt,* 72 Miss. 909, 17 South. 602, settles this proposition squarely. The court there said: ''In ejectment, in a court of law, only the legal title is involved, and equitable defenses are inadmissible. There may be cases where it would be very convenient and advantageous, and would seem to be proper, to permit an equitable defense in a court of law in resistance of an action to recover land; but the difficulty of drawing the line between cases where such defense may or may not be allowed suggests the wisdom of denying it in all cases and leaving parties to the appropriate forum of

the assertion of equitable rights; and so long as the state maintains two sets of courts to administer justice, where one would do it better, and without questions as between law and equity, it is the duty of the court to maintain the distinction between legal and equitable rights and remedies, and that each shall avoid any invasion of the province of the other.  This will prevent confusion, and preserve the constitutional scheme of two sets of courts. However desirable it may be to have one court, about which there can be no mistake or dispute, to administer whatever justice the jurisprudence of the commonwealth affords in each case, without dismissing a party to seek some other tribunal, the courts are unable to accomplish this, and must uphold existing arrangements, and each court must continue to administer the principles applicable to it, and not lengthen its arm to seize what belongs to the other.  Each court must complacently recognize its impotence to give relief in many cases, and dismiss a party to seek it elsewhere in the state's temple of justice, but in another apartment.''

*Affirmed.*

PER CURIAM.  The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is affirmed.