LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* J. W. MAYBIN.

1. RAILROAD.   *Ticket.   Expulsion of passenger.  . Punitive damages.*

A passenger who has a ticket is entitled to a reasonable time to produce it, when requested to do so by the conductor, and if, without being given such reasonable time, he is expelled from the train, and abused and insulted by the conductor, he is entitled to recover punitive damages of the railroad company.

2. RAILROAD. *Expulsion. Reasonable measures.*

    If a person traveling upon a train has not a ticket, or having one, is unable to exhibit it to the conductor within a reasonable time after it is demanded, and refuses to pay the usual fare for the balance of the trip, he may be required to leave, or be expelled from; the train; but this should be without abuse, insult or unnecessary force or violence.

3. PASSENGER NOT RESPONSIBLE FOR ACTS OF ADULT SON.

    A father is not responsible for the acts of an adult son with whom he is traveling; and if the son be guilty of misconduct, justifying his expulsion from the train, this will not justify the conductor in ordering the father to leave or in ejecting him.

4. EVIDENCE. *Cross-examination.*

    When a plaintiff, who has been expelled from the train for failing to produce a ticket, testifies on direct examination as a witness that he then had a ticket, and had not sold it or given it away, and had it after leaving the car, it is error to refuse to allow the defendant to cross-examine him as to what had become of the ticket.

APPEAL from the circuit court of Hancock county.

HON. S. H. TERRAL, Judge.

The opinion states the facts sufficiently.

*Gaylord B. Clark* and *Le Vert Clark,* for appellant.

The regulation of a railroad company is reasonable which permits a conductor to demand the presentation of a ticket, or check given in lieu thereof, at any time and as many times as he may think necessary or desirable. Reasonable rules and regulations are binding upon the passenger. 2 Rorer on Railroads, §§ 979, 980, 982, and 986 ; 3 Wood Railway Law, §§ 347, 352 ; *Norfolk and West. R. R. Co.* v. *Wysor,* 26 Eng. & Am. R. R. Cases 234.

In the case of *Hibbard* v. *The N. Y. and Erie Ry. Co.,* 15 N. Y. 455, it was held that a regulation of the company requiring passengers to exhibit their tickets when requested by the conductors, and on their refusal to do so authorizing their removal from the cars, is a reasonable regulation and binding on the passenger. The court below refused to charge the jury that plaintiff was bound to conform to the rules and regulations of the company by showing his ticket to the conductor when requested so to do, and substituted

a charge that the passenger was bound to show his ticket when *reasonably* requested to do so, but that if the conductor knew that the plaintiff had paid his fare he had no right to expel him, although he refused to show his ticket.   The court of appeals held that the defendant was entitled to the charge without the qualification.   See also *Baltimore and Ohio R. R. Co.* v. *Blocher,* 27 Md. 277 ; *Freidenrich* v. *Baltimore and Ohio R. R Co.,* 53 Md. 201 ; 2 Eng. & Am. Ry. Cases 280.

A passenger who has lost the conductor's check and refuses to pay his fare may be ejected. *Jerome* v. *Smith,* 48 Vt. 230 ; *Crawford* v. *R. R. Co.,* 26 Ohio St. 580 ; 3 Wood Railway Law, § 350 ; as between the conductor and passenger, the ticket purchased by the latter is the only evidence of the right of the passenger to travel.   The conductor cannot be expected to accept explanations of the passenger in regard to an improper ticket which he produces, or when he fails to produce any ticket whatever. *Townsend* v. *N. Y. C. and H. R. Ry. Co.,* 56 N. Y. 295 ; *Frederick* v. *Marquette R. R. Co.,* 37 Mich. 342; *Shelton* v. *Lake Shore R. R. Co.,* 29 Ohio St. 214 ; *Duke* v. *Gt. West. Ry. Co.,* 14 Up. Canada 377 ; *R. R. Co.* v. *Griffin,* 68 Ill. 499 ; *Howard* v. *R. R. Co.,* 61 Miss. 194 ; *Wilson* v. *R. R. Co.,* 63 Miss. 352.

The testimony shows that young Maybin was in charge and control of the plaintiff, the father having paid for both tickets, and, as he expresses it, was carrying his son home.   Where a person takes or induces another to go upon a train by means of his domination over that other, or even by mere invitation, there is an implied agreement on his part to pay the fare of such other person, and a consequent right in the company to expel both if the fare for the dependent or servient party is not paid.   3 Wood Railway Law 353.

The jury found a verdict far in excess of all actual damages. This was error.   Punitive damages are allowed only where a wrongful act is the result of evil intention, malice, or oppression, and not when the wrongful act is done under a mistaken sense of duty, though done forcibly and deliberately. *R. R. Co.* v. *Quigley,* 21 How. 202 ; *R. R. Co.* v. *Arms,* 91 U. S. 489 ; *R. R. Co.* v.

*Hoeflich,* 62 Md. 300; *Forsee* v. *R. R. Co.,* 63 Miss. 66; *R. R. Co.* v. *Mask,* 64 Miss. 738.

It was clearly error to refuse to allow defendant to ask plaintiff as to what became of his ticket. It contained what he alleged was the basis of the company's duty to him, and after the witness had stated that he did not at that time have the ticket, it seems to us that the action of the court was manifestly wrong. What could be more material under the circumstances, where the very question was as to whether the plaintiff had improperly disposed of his ticket prior to his being required to leave the train, under suspicious circumstances, to say the least, than to show that the plaintiff did not have, and could not account for his ticket from that time up to the time of trial. If he had made honest disposition of his ticket, he should not hesitate to state the fact. If he had made a dishonest disposition of it, might not this fact, coupled with other evidence, have tended to show that he had sold it before it was demanded of him, particularly when the defendant in that connection announced that the purpose was to show that the plaintiff had disposed of his ticket?

*E. J. Bowers,* for appellee.

There is a material conflict between the plaintiff's and defendant's witnesses. The jury had the right to believe the former, who made out a case that amply supports the verdict. Where there is a conflict of evidence the verdict of the jury is conclusive and will not be disturbed. 1 Graham on New Trials (2d ed.) 380.

All the elements of insult, abuse, and willful wrong appear from the testimony, and therefore the jury were not confined to actual damages. *Storm* v. *Green,* 51 Miss. 103; *N. O., etc., R. R. Co.* v. *Burke,* 53 Miss. 201; *Bell* v. *Morrison,* 5 Cush. 68; *Goddard* v. *R. R. Co.,* 57 Me. 202; *Higgins* v. *L., N. O. & T. R. R. Co.,* 64 Miss. 80; *R. R. Co.* v. *Larkin,* 47 Md. 155.

The plaintiff was not responsible for the acts of his son and if the latter had sold his ticket there was no obligation on the father to pay his fare or to answer for his misconduct. The son was over twenty-one years old and had means of his own. The fact that the father gave him a ticket did not render him liable to pay for

him if the son lost or parted with his ticket. The cases cited by appellant and relied on are all cases where young and helpless children were in charge of parents or others.

But if the expulsion were right, this should have been without the cursing and abuse that marks this case. I have heard of " visiting the sins of the fathers upon the children," but never before such a version of the converse of the proposition.

It is admitted that if plaintiff had given away his ticket or sold it, he cannot recover ; but, if he had not, and was not given a reasonable time to produce it, he should recover. This was settled in his favor by the jury.

The court properly refused to allow defendant to cross-examine plaintiff as to what became of his ticket after he was put off. What could it matter what plaintiff had done with the ticket after he had been wrongfully expelled and the contract broken by the defendants. Suppose the defendant did intend to show that he had disposed of it after he was expelled, could the company then complain that he had transferred it, when it reserved the right to take it up in the hands of the transferee? Admitting that the evidence was relevant, does the defendant not get all the benefit he could have derived from it by the charge that the jury are to consider his failure to account for it.

ARNOLD, C. J., delivered the opinion of the court.

This suit was brought by appellee to recover damages for being unlawfully ejected as a passenger from one of appellant's trains. He bought an excursion ticket, at a cheap rate, at New Orleans, good for the round trip, from that place to Ocean Springs, Mississippi. The ticket was not transferable. Appellee was accompanied by his son, who was over twenty-one years of age, and who had a ticket similar to his father's. Shortly after the train left New Orleans, the conductor examined and punched appellee's ticket in the usual way. It is shown and admitted, that before reaching Ocean Springs, appellee's son sold his ticket to another person. The conductor was informed of this, and was told also, that appellee had sold or given away his ticket. Thereupon the con-

ductor went to appellee, but what passed between them, is a matter of dispute. It is certain that his ticket was not produced, and that in a short time afterward, appellee left the train.

There is irreconcilable conflict in the testimony as to what occurred between appellee and the conductor. It appears from the testimony for appellee, that he had not sold or disposed of his ticket, and that the conductor, with other employees on the train, came to appellee after the train stopped, and just before it left Pass Christian, and that the conductor laid his hand on him, and with rude and insulting language, required him to leave the train, and that he was not given time to exhibit his ticket.

According to the testimony for appellant, the conductor did nothing more than to ask appellee, some time before the train reached Pass Christian, to let him see his ticket, and when the ticket could not be produced, he announced to appellee, that he must pay for the balance of the trip, or leave the train at the next station, and when the train stopped at Pass Christian, the next station, appellee got off.

The rights of the parties depend upon which of these conflicting statements of facts is accepted as true. If it be true that appellee had not sold or disposed of his ticket, and that he was abused and insulted, and required to leave the train, without being given reasonable time to produce his ticket, he was entitled to recover, not only nominal, but exemplary damages such as the jury might award. *Forsee* v. *A. G. S. R. R. Co.*, 63 Miss. 66, and authorities therein cited.

But, on the other hand, if appellee had sold or disposed of his ticket, or was unable to exhibit it within a reasonable time after being requested to do so by the conductor, and refused to pay the usual fare for the balance of the trip, and was required, without abuse, insult, or unnecessary force or violence, to leave the train, he was not entitled to recover anything. 2 Rorer on Railroads 980, 982; 2 Woods Railway Law, § 350.

The instructions given to the jury, fairly presented these views of the law, and the action of the court in giving and refusing instructions, furnishes no cause for reversing the judgment.

The father was not responsible for the acts of his son, over twenty-one years of age, and the fact that the son sold his ticket, did not justify the conductor in ordering the father to leave the train or ejecting him from it, and it was not error to so instruct the jury. The authorities cited by appellant against this instruction, do not apply, because they refer to the case of a person traveling, with a child or children liable to pay fare, under his charge, but whose fare had not been paid, and it was held that such person, notwithstanding his fare had been paid, might be ejected from the train with the child or children, unless their fare was also paid.

The errors assigned in regard to the admission and exclusion of evidence, are without merit, except that appellee should have been permitted and required to answer the question propounded to him on cross-examination, what became of his ticket. He had testified that he had not sold or given it away on the train, and that it was in his possession after he left the train, but it was not produced or accounted for on the trial.

Plainly, this was proper subject of cross-examination, to ascertain the truth, and to enable appellant, if it could do so, to contradict the witness by his own testimony, or to lay the foundation of contradicting him by others.

*For the error of sustaining the objection made to this question, and for refusing to allow appellee to be cross-examined on this subject, the judgment is reversed and a new trial awarded.*