## COON v. ROBINSON MERCANTILE CO.

[70 South. 884.]

CHATTEL MORTGAGE. *Payment and satisfaction. Nonpayment of unsecured debt.*

Under Code 1906, section 2781, providing that mortgagees or *cestui que trust* shall satisfy mortgages or deed of trust of record when the same has been fully paid, even though a creditor whose debt was secured by a deed of trust on crops raised by the mortgagor on rented lands, was liable for the rent, where the deed of trust did not cover the land, and crops to the value of the secured debt were delivered to the mortgagee with the landlord's consent, thus extinguishing the secured debt it was the duty of the mortgagee to enter satisfaction on the margin of the record of the trust deed.

APPEAL from the circuit court of Wilkinson County.

HON. R. E. JACKSON, Judge.

Suit by R. C. Coon against the Robinson Mercantile Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. F. Tucker,* for appellant.

The conditions of the deed of trust were never broken, the account for advances was over paid, and the debt for agreed advances secured by the deed of trust was thereby discharged *pro tanto* and the deed of trust should have been canceled of record on the legal and written request of the appellant. *Ogden* v. *Harrison,* 56 Miss. 743; *Morgan* v. *Price,* 59 Miss. 210; *State* v. *Sullivan,* 80 Miss. 597; *Charter* v. *Stevenson,* Am. Dec. 45, 444; Jones on Chattel Mortgages (2 Ed.), sections 96 and 646, pp. 89 and 646.

The last request to cancel and satisfy the deed of trust was made on the 8th day of December, 1913, and there was no satisfaction entered on the record on the 29th day of January, 1914.

This suit was brought under section 2781, Code of 1906, the request on pages 12 and 13, of record complied with said statute, and the case was brought literally within the statute, and should have been at least submitted to the jury on the question of the payment of the account.

*A. H. Jones,* for appellee.

Plaintiff testified that he owed the rent to H. L. Coon; that H. L. Coon waived his rent; that he supposed it was waived, but he was not present at the time, but saw a waiver in October.

He admitted that he had not paid the rent even at the time of the trial, and he testified that Robinson told him that it was not right to turn over the deed in trust until the rent was paid.

Now then, with the plaintiff knowing, even in October, that the deed of trust would not be given him because the rents were not paid, and even after he had been informed in December that the deed of trust had been assigned to H. L. Coon, he brings this suit under section 2781 against the Robinson Mercantile Co., an assignor, after notice to him. He further knew in November that this rent had been paid by Robinson Mercantile Co. to H. L. Coon, and had been charged back to the plaintiff.

Even had the defendant canceled this deed of trust in October, or prior thereto, and was afterwards compelled to pay the rent to the landlord, under the landlord's lien, it would have had the right to recall the cancellation and to have enforced the deed in trust.

"One who receives cotton from a debtor and applies the proceeds thereof to the satisfaction of an existing indebtedness, and gives receipts therefor, if afterwards forced to pay such proceeds to one holding a paramount lien on the cotton, is not deprived of his right to de-

mand and enforce repayment from his debtor." *Ball* v. *Sledge,* 82 Miss. 749, 757.

There being no evidence of and waiver before the court and it clearly appearing that at the time of the notice to defendant to cancel the deed of trust it was not the owner of the instrument, nor indebtedness, and it fully appearing that the rent was not paid by plaintiff, the motion was properly sustained, the instruction properly given. There is no error in the case, and it should, I respectfully submit, be affirmed.

COOK, P. J., delivered the opinion of the court.

This suit was begun by appellant against appellee, under section 2781, Code 1906, to recover the penalty of fifty dollars, and damages, for failing and refusing to enter satisfaction on the margin of the record of a deed of trust. The record shows, without dispute, that appellant had paid to appellee all of the debt incurred by him, which was secured by the deed of trust, and that appellant had requested that the deed of trust be canceled. The deed of trust covered the crop raised by appellant on certain rented lands, the crops were delivered to the *cestui que trust,* and their value credited to the secured debt extinguished same. Appellant had not paid the rent on the land, but the evidence in this record discloses that his landlord had waived the rent in favor of appellee. However, appellee claims here that it was liable for the rent, and, being so liable, it had charged the unpaid rent to appellant. If it be true that appellee will have to pay the rent, it nevertheless remains that the deed of trust does not cover the rent, and there was therefore no reason for appellee's failure to cancel the deed of trust.

The court erred in instructing the jury to find for the defendant.

*Reversed and remanded.*