## COON *v.* PATTERSON.

[70 South. 885—71 South. 825.]

CHATTEL MORTGAGE. *Payment. Transfer. Effect.*

Where a tenant gave a trust deed upon his crop and stock to secure advances from a merchant and subsequently paid such advances, the trust deed was discharged and through the merchant paid part of the tenant's rent and transferred the trust deed to the landlord to enable him to collect the balance of his rent, it cannot be enforced for that purpose.

### OPINION ON SUGGESTION OF ERROR.

Where a tenant of farm lands gave a deed of trust upon his crop and live stock to secure a merchant for supplies advanced and the account not being fully paid, the balance due was by agreement paid by the landlord, and the trust deed transferred to him, such trust deed was enforceable in the landlord's hands.

APPEAL from the circuit court of Wilkinson county.
HON. R. E. JACKSON, Judge.

Replevin by J. B. Patterson trustee against N C. Coon, from a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. F. Tucker,* for appellant.

*A. H. Jones,* for appellee.

COOK, J., delivered the opinion of the court.

This appeal is from a judgment entered by the circuit court in a replevin suit instituted by J. B. Patterson, trustee, in a certain deed of trust, to recover possession of certain live stock described in the deed of trust, and is a companion case to *R. C. Coon* v. *Robinson Mercantile Co.,* 70 So. 884. The indebtedness secured by the deed of trust is thus described by the instrument itself, viz.:

"Whereas, said party of the first part [R. C. Coon] expects said Robinson Mercantile Company to advance

him ninety dollars supplies and merchandise during
the year 1913, and at such prices as may be agreed upon
at the time of delivery, or the usual customary credit
prices in the town of Centerville, Mississippi . . .
and any further amounts that may be advanced as afore-
said and not mentioned herein.''

The deed of trust conveyed to the trustee agricultural
and horticultural products to be raised on land belong-
ing to H. L. Coon. The advances made by the Robinson
Mercantile Company were paid, but it appears that the
Robinson Mercantile Company afterwards paid to H. L.
Coon, the landlord of R. C. Coon, the rent on the land
on which the agricultural and horticultural products
were grown, and transferred and assigned the deed of
trust of H. L. Coon, and this action of replevin was
begun by the trustee in the deed of trust. Why the
deed of trust was transferred to the landlord is not
entirely clear, unless it was for the purpose of affording
to the landlord a means by which he could collect that
part of his rent which Robinson Mercantile Company
had not paid him. It appears that the landlord had
entered into an agreement with Robinson Mercantile
Company to waive a part of the rent, and this suit in
replevin was brought to secure the payment of the
unpaid balance. It may be that we have not guessed
the theory of appellee; but, whatever may be his theory,
we are clearly of opinion that the deed of trust does
not cover the rent, and, the record disclosing that R. C.
Coon, appellant, had paid all of the debt secured by the
deed of trust, that the trustee was not entitled to the
possession of the live stock replevied. The court below
erred in awarding the possession of the property to ap-
pellee.

Reversed, and judgment here for the value of the
property in favor of appellant, with six per cent. inter-
est thereon from the date of the levy of the writ of
replevin.

　　　　　　　　　　*Reversed and judgment here.*

OPINION ON SUGGESTION OF ERROR.

A re-examination of the record of this appeal leads to the conclusion that we did not understand the facts presented to the trial court. In our former opinion reversing the trial court, we said:

"Why the deed of trust was transferred to the landlord is not entirely clear, unless it was for the purpose of affording the landlord a means by which he could collect that part of his rent which Robinson Mercantile Company had not paid."

We see now that this was a misconception of the facts. The deed of trust, according to appellee's evidence, was to secure the advancements made by the Robinson Mercantile Company. This account was not paid in full, and the balance due was, by agreement, charged to the landlord and the security transferred to him. Evidently, we confused the waiver of a part of the rent with the payment by the landlord of the balance of the account secured by the deed of trust.

Former judgment reversing this case is set aside, and the judgment of the trial court is affirmed.

*Affirmed.*