## WEST *v.* UNION NAVAL STORES CO.

[77 South. 609, Division B.]

1. MORTGAGES. *Deeds of trust. Assignment of debt. Recording. Code
   1906, Section 2794.*

   Under section 2794, Code 1906, providing for notation on the margin
   of the record of assignments of debts secured by mortgages or
   trust deeds, it is not required that assignments of recorded in-
   struments shall be recorded on any particular page or pages of
   the record books, and where the original trust deed or the assign-
   ment of the same, the refusal of the original trustee to act, and
   the appointment of another trustee, all appear on the margin of
   the same page of the record, it was a sufficient compliance with
   the statute.

2. SAME.

   Where the transfer of the record debt was in form a transfer of
   the deed of trust, yet looking through form to substance, it is
   clear that it was intended as a transfer of the debt, which
   carries with it the security and this appears of record as re-
   quired by section 2794, Code 1906 (Hemingway's Code, section
   2295), it was sufficient.

3. CORPORATIONS. *Assignments of deed of trust. Seal.*

   In equity the failure to place the corporate seal on an assignment
   of a deed of trust by a corporation will not affect the title in the
   assignee.

4. CORPORATIONS. *Assignment of secured debt. Seal.*

   The assignment, by a corporation of a debt secured by a deed
   of trust, is not required to be made under seal.

APPEAL from the chancery court of Wayne county. HON. W. M. DENNY, Chancellor.

Suit by John I. West, Jr., against the Union Naval Stores Company. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Baskin & Wilbourne,* for appellant.

We have given the pages of the record in this brief, showing what transfers were made and where they were made, and the refusal of the original trustee to act, and the appointment of a substituted trustee. All of these are indisputably manifested by the record.

We are, therefore, at a loss to know, with these entries on the record where the deed of trust was recorded, how the chancellor could enter a decree that Gray as substituted trustee, had no right to sell said property, and therefore, the title of the appellant was not good.

Section 2794 of the Code of 1906, of Mississippi, provides that transfers of a record debt are to be noted on the record. Section 2795 of the Code of 1906, of Mississippi, provides that the assignment of debts is to be marked on the record. And section 2773 of the Code of 1906 of Mississippi provides that the substitution of trustees must appear of record.

When the court turns to page 64 of the record, it will find that the transfer is manifest of record, of date October 20, 1908, long prior to the taking of the appellee's deed of trust in this case. It will find also the refusal of the original trustee to act, and this is manifest by the record and that the appointment of A. H. Gray, as substituted trustee, is also manifest of record.

In another place, as above stated in this brief, the record manifests the transfer and assignment of the debt, refusal of the original trustee to act, and the ap-

pointment of a substituted trustee. Therefore, we submit that the above quoted sections of the statute have been literally complied with, and that the learned court below manifestly erred in making said decree.

The deed of trust of date the 13th of February, 1907, under which appellant claims title, one copy of which is found on pages 87 and 88 of the record, expressly provides that the beneficiary in the said deed of trust, its successors or assigns, may appoint another trustee. So that by the very terms of the deed of trust, the assignee Fagan had a right to appoint a substituted trustee, and the sale in this instance was made by said substituted trustee in strict accordance and conformity to the provisions of the said deed of trust and the law pertaining to foreclosure of the same.

It cannot be successfully contended, we submit that this appellant was in any wise estopped because of the filing of the bill by the Union Naval Stores Company to foreclose its second deed of trust of date November 5; 1910, which bill was filed in December, 1912, for the reason that there was no attack made on the deed of trust of date February 13, 1907, under which appellant claims, and, therefore, no adjudication was made which would estop the appellant from claiming title under the deed of trust of February 13, 1907.

The rule of *res adjudicata* or former recovery is confined to those cases where the parties to the suits are the same, the subject-matter the same, the identical point is directly in issue and judgment has been rendered on that point. *McCall* v. *Jones,* 72 Ala. 371.

Our own court, speaking through Judge CAMPBELL, in the case of *Hubbard* v. *Flynt,* 58 Miss. 266, as we submit, conclusively shows that there was no *res adjudicata* in this suit. As the question was not presented by the pleadings, and as Judge CAMPBELL says: "and, therefore, could not have been adjudicated." "The mere fact that it may have been introduced in the suit if the com-

plainant had chosen to do so, does not 'make such matters *res adjudicata.''*

There is a distinction between this and the matter involved in the record in a former case, and which being so involved might have been litigated and decided, and which is held to be a matter adjudicated, because it might have been. *Davis* v. *Davis,* 65 Miss. 503.

We merely call the court's attention to this last question of *res adjudicata* and these authorities, because there is something said about it in the answer and cross-bill of the complainant on this subject, but we presume that the able counsel who represented the appellee, and who filed said pleadings, as well as the learned chancellor, conceived that there was nothing in this proposition, as the chancellor's decree is based on the fact that the appellant obtained no title through the deed of A. H. Gray, substituted trustee, and hence the reliance upon the right to a decree in the lower court was based solely on the failure of title because of the foreclosure proceeding of the substituted trustee.

In view of the undisputed facts, shown by this record, we respectfully submit that the decree of the lower court should be reversed, and a decree entered for appellants in this court.

*White & Ford,* for appellee.

The position of appellee in this case is that the deed of trust given it by John I. West, Sr., and wife, Nancy West, was perfectly valid and that the foreclosure proceeding in the chancery court resulting in the purchase of the land by appellee, confers on it a good and perfect title to the land. It must be admitted that the deed of trust given the Bank of Waynesboro, by the same grantors was prior in point of time to that given the Union Naval Stores Company, and it must be admitted further that the same was placed of record in the land records of Wayne county, prior to the deed

of trust to the Union Naval Stores Company. We insist, however, that the assignment of the deed of trust by the Bank of Waynesboro to R. W. Fagan & Company, the refusal of the trustee to act, the appointment of a substituted trustee, and the sale by him were absolutely void, and therefore appellant would acquire no title under the purchase, at the substituted trustee's sale. No question is raised as to the validity of the deed of trust given the Union Naval Stores Company, or the regularity of the proceeding by which it was foreclosed, nor as to appellant's purchase at the commissioner's sale. We shall confine our presentation of this matter therefore to the transactions affecting the deed of trust to the Bank of Waynesboro.

We shall deal first with the transfer of the deed of trust to R. W. Fagan & Company by E. F. Ballard.

We submit that this instrument has no symptom of a legal document. It will be noted that no consideration for the transfer is recited in the instrument; the instrument itself does not identify what is to be transferred as a matter of fact, the paper is not signed, and although it purports to be the act of the Bank of Waynesboro, a corporation, the corporate seal is not attached. Furthermore the court will observe that the acknowledgment is entirely irregular, in that the grantor merely purports to have acknowledged that he signed and delivered the transfer. Nothing is said as to it being the act of the corporation, which E. F. Ballard was supposed to be representing as vice-president. This paper was certainly not entitled to be recorded among the land records of Wayne county under the law. The court will bear in mind further that this writing appears on the back of the original deed of trust, and is not written on a separate piece of paper. It will be noted further that the body of the transfer appears written in long hand on the back of the original deed of trust, but the acknowledgment is on a printed form written on a separate slip of paper and attached

merely to the back of the original deed of trust where various other matters appear. We do not think it would be seriously contended that such a document would be sufficient to transfer the legal title to the deed of trust, and certainly it is not entitled to be recorded.

We invite the attention of the court to chapter 74 of the Code of 1906, and especially section 2793 thereof.

Now, it will be noted in this connection, that the acknowledgment was insufficient in that it was not attached to the instrument which purported to make the transfer at all but was written on a slip of paper attached to the original deed of trust, on the back of which the body of the transfer assignment was written. It will be noted further that the acknowledgment is not in the form provided by section 2799 of the Code. We think therefore, that this document was not entitled to be recorded, and after being recorded did not constitute notice to any encumbrancer or creditor for a valuable consideration. Under the provisions of section 2794, of the Code, any assignment of a mortgage or deed of trust, or other lien of record, shall be made by the creditor, by entering on the margin of the record the fact of the assignment and in default of making such entry, any satisfaction or cancellation of the lien or instrument evidencing it entered by the original creditor, shall release the same as to subsequent creditors and purchasers, for value without notice unless the assigment be by writing duly acknowledged and filed for record. Under the provisions of this section, one of two things is necessary to-wit: Either there must be a separate instrument of assignment validly executed and placed of record, or the fact of the assignment must be duly entered on the margin of the record, where the original deed of trust or mortgage is recorded. Neither of these things was done. The clerk merely undertook to record on the margin of the record, the endorsement on the back of the original deed of trust.

We think that the instrument of assignment was further insufficient and illegal in that it did not carry nor purport to contain the corporate seal of the Bank of Waynesboro. Under the provisions of section 2766, of the Code, a corporation or body politic may convey land by and under the corporate seal and the signature of an officer, and such officer signing the same may acknowledge the execution of the deed, or proof thereof may be made as in other cases. Under the law of Mississippi the corporate seal is essential to the validity of a deed by a corporation. This was held by the recent case of *Littelle* v. *Creek Lumber Company,* 54 So. 841. This case held squarely that the absence of the corporate seal to a deed affecting land by a corporation would make it invalid so far as conveying the title is concerned.

We come next to the appointment of the substituted trustee by R. W. Fagan & Company.

It will be observed that the records do not show when this writing was actually recorded by the clerk, although it appears to have been executed by R. W. Fagan & Company on January 17, 1910. We submit that this writing is insufficient to appoint a substituted trustee for many reasons.

The instrument does not recite for what purpose A. H. Gray was substituted a trustee, nor for what instrument or deed of trust. The court will observe further that the writing does not appear to have been acknowledged by any one, and therefore it was not entitled to be recorded. Section 2773 of the Code of 1906.

We do not find that this court has ever construed section 2773 of the Code in reference to the manner in which substitution should appear of record. We find, however, a number of authorities on chapter 96, of the Laws of 1896. Chapter 96 was often construed by this court and we cite the following cases as to the necessity of the act of substitution being properly of record, as follows: *Provine* v. *Thornton,* 92 Miss. 395; *Polk* v. *Dale,*

93 Miss. 667; *White* v. *Jenkins,* 79 Miss. 57; *Shipp* v. *New South·B. & L. Association,* 81 Miss. 17.

It will be noted that section 2773, of the Code of 1906, which must be the criterion of validity here, is radically different from chapter 96 of the Laws of 1896. Section 2773 of the Code of 1906, was certainly not followed by the parties in the form of substitution shown by this record.

We contend further that R. W. Fagan & Company had no right to appoint a substituted trustee. In the case of *Alliance Trust Company,* 84 Miss. 319, it was held that an attorney-in-fact for a beneficiary in a deed of trust, had no authority to appoint a substituted trustee, and that the sale made by such substituted trustee was void. The same was held in the case of *Mortgage Company* v. *Butler,* 99 Miss. 64; *Provine* v. *Thornton,* 92 Miss. 365.

As we have endeavored to show, the foreclosure of the deed of trust to the Bank of Waynesboro was void for many reasons, which we have attempted to discuss in this brief. Manifestly, if the foreclosure was void, the Union Naval Stores Company, appellee herein were entitled to the relief sought in their cross-bill.

It is true that the appellant undertook to show an assignment of the deed of trust, a refusal of the trustee to act, and a substitution of a new trustee, but we submit that these efforts were legally unsuccessful.

In conclusion, we respectfully submit that the foreclosure of the Bank of Waynesboro deed of trust by A. H. Gray, substituted trustee, was palpably void, and that this appeal should be affirmed.

Cook, P. J., delivered the opinion of the court.

The appellant filed in the chancery court of Wayne county his bill of complaint, in which he sought the aid of the court to confirm and quiet his title to certain lands described in the bill. Various parties were made

parties defendant, but this appeal concerns the Union Naval Stores Company alone. The title of appellant to the land in controversy rests and depends upon the validity of a certain trustee's deed, which deed, in turn depends upon the validity of the transfer of a deed of trust executed by John I. West, Sr., and his wife, to secure an indebtedness due by Mr. West to the Bank of Waynesboro, and the steps precedent to the foreclosure of the deed of trust.

First, the Union Naval Stores Company claimed that it was a purchaser for value, without notice, of the land described in the bill of complaint, and made its answer a cross-bill, praying for a confirmation of its title to the land. Upon final hearing the court dismissed appellant's bill and confirmed the alleged title of the Naval Stores Company to the land. There are many details leading up to the final decree, but we have decided to cut out everything except such facts as are necessary to a proper understanding of our conclusions.

Appellees challenged the legality of the transfer of the deed of trust executed by John I. West, Sr., to the Bank of Waynesboro. It seems that this assignment was made by the vice president of the bank, acknowledged by him and recorded in the records of Wayne county, by writing the same on the margin of the record of the deed of trust. In other words, the assignment was not recorded as a separate instrument, but was merely written on the margin of the record of the deed of trust itself. It further appears that the trustee named in the deed of trust refused to act and his refusal was written in the back of the deed of trust, and also on the margin of the record of the deed of trust. It also appears that the assignee of the deed of trust appointed another trustee, and this appointment appears of record in the same way as does the refusal of the original trustee to act.

Appellee contends here that the assignmment of the deed of trust by the Bank of Waynesboro was void, because the corporate seal of the bank was not attached to the assignment. To support this contention our attention is directed to section 2793, Code of 1906 (Section 2294, Hemingway's Code) which reads:

"Acknowledgment or Proof Necessary to Recording.— A written instrument of or concerning the sale of lands, whether the same be made for passing an estate of freehold or inheritance, or for a term of years, or for any other purpose, except in cases specially provided for by law, or any writing conveying personal .estate, shall not be admitted to record in the clerk's office unless the execution thereof be first acknowledged or proved, and the acknowledgment or proof duly certified by an officer competent to take the same in the manner directed by this chapter and any. such instrument which is admitted to record without such acknowledgment or proof shall not be notice to creditors or subsequent purchasers for a valuable consideration."

Query—Was this so-called assignment of the deed of trust, in fact, an assignment of the deed of trust, or was it merely an assignment of the debt secured thereby? Be that as it may, we find ourselves unable to approve the reasoning of learned counsel for appellee. As we understand counsel, they contend that the assignment of the trust deed should be recorded 'as other instruments conveying title are recorded—that is to say, as a separate instrument—and that the record here being made on the record of the original deed of trust is utterly void.

The object and purpose of recording such instruments is to give notice of the state of the title to all persons interested or dealing with the thing conveyed, and it seems to us that one interested in the title to the land involved in this litigation would naturally turn to the record of the first incumbrance upon the same,

and finding written on the record there notice of the assignment of the same he would be put upon notice of the facts.   The statute does not require that assignments of recorded instruments shall be recorded on any particular page or pages of the record books.

In this case, however, the original trust deed, the assignment of same, the refusal of the original trustee to act, and the appointment of another trustee, all appear on the same page of the record, thus affording an easy way for interested persons to ascertain the state of the title.   The transfer of the record debt in this case was, in form, perhaps, a transfer of the deed of trust, yet looking through form to substance, it is quite clear that it was intended as a transfer of the debt, which carried with it the security, and this appears of record as required by section 2794, Code of 1906.

We do not believe that the failure to place the corporate seal on the assignment of the deed of trust affects the title.   *Littelle* v. *Creek Lumber Co.,* 99 Miss. 241, 54 So. 841, is not in point.   The suit in that case was by ejectment, and a careful reading of that case will show that the principle there announced does not apply to this case.   This is a proceeding in equity, and technical points raised in the Littelle Case will not avail here.   *McIver* v. *Abernathy,* 66 Miss. 83, 5 So. 519.

The assignment by a corporation of a debt secured by a deed of trust is not required to be made under seal.   The debt to a banking corporation is usually evidenced by a note, and an assignment of the note does not require a seal.   A corporation, of course, cannot convey real estate without affixing its seal to the conveyance.   In this case no real estate was conveyed by the corporation; the conveyance was made by the trustee. So we conclude that the learned chancellor erred in refusing to confirm the title of appellant, and therefore he also erred in confirming the alleged title of appellee.

116 Miss.—48

We see no reason to remand this case; it appearing that there is no dispute about the facts, the contestants only disagreeing as to the legal consequence of the known facts. The decree of the chancellor is set aside, and a decree will be entered here, confirming and quieting the title of appellant to the land described in the bill of complaint.

*Reversed, and decree here.*