BROWN v. YARBROUGH.

[94 South. 887. No. 23005.]

1. MORTGAGES. *Statute providing penalty for failure to cancel mortgage after payment penal and strictly construed against party aggrieved.*

Section 2781, Code 1906 (Hemingway's Code, section 2285), which among other things provides that any mortgagee or assignee of a mortgagee or *cestui que* trust, of real or personal property, having received payment of the mortgage indebtedness, who shall upon the notice prescribed by such statute from the party in interest, fail to enter satisfaction upon the margin of the record of such mortgage, shall forfeit to the party aggrieved the sum of fifty dollars and any additional damages he may have suffered not exceeding the mortgage indebtedness, to be recovered in an action, is a penal statute and should be strictly construed against the claim of party seeking to recover such penalty.

2. MORTGAGES. *Assignment by mortgagee to creditor to secure indebtedness carries title to mortgage indebtedness.*

The assignment of a mortgage by the mortgagee to his creditor, to secure an indebtedness due by him to the latter, carries with it the title to the mortgage indebtedness, if that be the intention of the

parties, even though such intention is not expressed in the writing evidencing such transfer.

3.  MORTGAGES. *Assignor of mortgage held not liable to penalty for failure to cancel after payment.*

The failure of a mortgagee to comply with the said statute, who has assigned his mortgage and the indebtedness secured thereby as collateral security for his own indebtedness to another, does not make him liable for the penalty prescribed by such statute because of the fact the legal title to both the mortgage indebtedness and the security being in another, such mortgagee is without power to enter the satisfaction in the margin of the record required by the statute.

4.  MORTGAGES. *Assignor of mortgage held without power to cancel after assignment.*

By virtue of section 717, Code 1906 (Hemingway's Code, section 496), the assignee of a chose in action gets the legal title thereto with the right to sue thereon, and therefore the assignment of a mortgage indebtedness and the mortgage to secure the same confers the title thereto on the assignee, and the right in him to sue thereon, and therefore such mortgagee is without power to comply with the said section 2781, Code of 1906 (Hemingway's Code, section 2285), requiring the mortgagee on notice to enter satisfaction of such mortgage on the margin of its record; and this is true even though such assignee has only the naked legal title.

APPEAL from circuit court of Madison county.
HON. W. H. POTTER, Judge.

Action by I. N. Brown against L. H. Yarbrough. From a verdict for defendant, plaintiff appeals. Affirmed.

*R. S. Powell* and *Powell & Harper,* for appellant.

First: It is not disputed in this case that I. N. Brown gave the deed of trust to secure L. H. Yarbrough; second: It is not disputed that the said deed of trust was properly recorded; third: It is not disputed that said deed of trust had been fully paid; fourth: It is not disputed that I. N. Brown gave L. H. Yarbrough notice to cancel this trust deed; fifth: It is not disputed that L. H. Yarbrough acknowledged receipt of this notice and promised to cancel as requested; sixth: It is not disputed that said L. H.

Yarbrough did not cancel said trust deed until after suit brought; seventh: It is not disputed that the deed of trust had been assigned as collateral security by L. H. Yarbrough to J. L. Hart, and that this fact was known to I. N. Brown, before the institution of the suit, but there is no evidence in the record to show that the note which the deed of trust secured had been transferred.

We contend that under the terms of the statute, section 2781, Code 1906, supra, that it was the duty of the mortgagee, *cestui que trust* the assignee, or either or all of them upon notice being given to have marked the deed of trust satisfied on the margin of the record as required by law. The appellee claims that the deed of trust having been assigned, it was the duty of the assignee alone upon receiving notice to mark the trust deed satisfied.

In support of our contention that it was the duty of the said *cestui que trust* to mark the trust deed satisfied notwithstanding the assignment of the trust deed, we say that this question has been decided by this court in our favor in the case of *Coon* v. *Robinson,* reported in 110 Miss. 700.

It is true that this point is not specifically decided in so many words in this case, but if the court will examine the record in this case to-wit: 18105 filed January 30, 1915, it will find that the identical point was made in that case as is made here, for in that case as shown by the record, the deed of trust and note had been assigned by the *cestui que trust* and the plaintiff had notice of such assignment before bringing suit and yet this court held that the original *cestui que trust* was liable when he failed to mark the trust deed satisfied, notwithstanding the same had been assigned. Suppose the statute in this case had stated upon proper notice it should be the duty of Tom, Dick or Harry to satisfy the trust deed when notified to do so. Can it be doubted that upon proper notice it would have been the duty of either or all of them to have satisfied the trust deed. Even when the description of the property is void still the statute must be complied with. *Pierce* v. *Pinkston,* 90 Miss. 216.

We come now to the case as to whether or not the original *cestui que trust* is relieved of the duty imposed upon him by the statute to mark the trust deed satisfied of record after notice to him, by virtue of the fact that the deed of trust had been assigned previously to J. L. Hart, and that appellant had notice of such assignment. In the case of *Aetna Insurance Co.* v. *Smith McKinnon & Son,* 117 Miss. 336, this court in defining the interest which the assignee acquired by having an insurance contract assigned to him as collateral security says:

"The proof in the record shows that the insured has never ceased to be the real owners of the policy, and that the only interest of the assignee was merely such an interest as the holder of collateral security acquires in the thing given as a security, a mere equity. The legal title and ownership of the policy still remained in the insured."

In the case of *Life Insurance Co.* v. *Humphreys,* 122 Miss. 591, this court in reference to the case of *Aetna Insurance Company* v. *Smith,* 117 Miss. 732, says: "Of course the rule was applied there to an insurance policy, and it may be reasonably said that there is a difference in the two kinds of contract, but we think the same principle is involved in the contract here as in the insurance contract, and therefore we are constrained to hold that the stipulation against assignment in the case before us contemplated only a complete unconditional assignment of the ownership of the commissions, and did not contemplate and intend an assignment as collateral security."

It will be seen from this case that where a contract is collaterally assigned that the assignor does not cease to be the real owner of the contract and that the only interest of the assignee is merely such an interest as the holder of collateral security acquires in the things given as a security, to-wit: a mere equity; that the legal title and ownership of the contract still remains in the assignor notwithstanding such assignment.

So in this case L. H. Yarbrough notwithstanding the assignment of the trust deed as collateral security was still the legal and beneficial owner of the same and that J. L. Hart, the assignee only acquired by the assignment a mere equity. Can it be said then under the statute that L. H. Yarbrough being the party with whom we contracted and the party who also held the beneficial interest and legal title to the deed of trust and never parted with the same? Can it be said that he was not the proper party to be notified to cancel the deed of trust? The court will understand that J. L. Hart under the decision above referred to, never had anything more than a mere equity and when the deed of trust was paid as it admittedly was in this case, his connection with the contract ceased and it would seem that L. H. Yarbrough who was the party who owned the contract and who was also the legal holder of the paper, would be the first one that we should call upon to mark satisfied the trust deed which he himself had placed of record.

We call the court's attention further to the fact that the record is silent as to whether or not the notes secured by the deed of trust was ever in fact assigned at all. For these reasons we ask that the case be reversed and remanded.

*George Butler,* for appellee.

It is not disputed that the deed of trust had been assigned as collateral security by Yarbrough to Brown by written endorsement on the deed of trust made before the recordation thereof, and that this assignment was recorded along with the deed of trust and that this fact was known to Brown before October 2, 1920. And it is not disputed but what Hart held this paper and deed of trust at the time the demand was made and the suit instituted. As we understand it, counsel now makes no point but what the deed of trust was properly assigned of record, but rather contend that both in law and in equity the assign-

ment could only be made by transferring the debt securing the deed of trust rather than the deed of trust itself.

There is no merit in this contention. A similar contention is the case of *West* v. *Union Naval Stores Company,* 116 Miss. 743.

There as here the assignment was made on the original deed of trust and had no acknowledgment such as entitled it to be recorded, but it was in fact recorded along with the deed of trust. The court there held: Under section 2794, Code 1906, providing for notation on the margin of the record of assignments of debts secured by mortgages or trust deeds, it is not required that assignments of recorded instruments shall be recorded on any particular page or pages of the record books, and where the original trust deed or the assignment of the same, the refusal of the original trustee to act, and the appointment of another trustee, all appear on the margin of the same page of the record, it was a sufficient compliance with the statute.

Where the transfer of the record debt was in form a transfer of the deed of trust, yet looking through form to substance, it is clear that it was intended as a transfer of the debt, which carries with it the security and this appears of record as required by section 2794, Code 1906 (Hemingway's Code, section 2295), it was sufficient.

So that even if it be conceded that it is not shown that the notes had in fact been assigned to Hart the court will look through the form to the substance and will hold the assignment sufficient. So here we have a case where there was an assignment of record and where the mortgagor actually knew of the assignment of the debt and the deed of trust long prior to the time that he made demand on the mortgagee or *cestui que trust* for satisfaction of record.

The statute expressly embraces an assignee of the mortgage or deed of trust and requires the assignee to make satisfaction of record by himself or his attorney within one month after the request. Keeping in mind the fact that this statute is highly penal and should be strictly con-

strued, and the further fact that the assignment was of record, and that appellant actually knew of the assignment besides being charged with record notice, we think it perfectly manifest that Yarbrough is not liable for the penalty.

This seems to be the universal rule under similar statutes and we refer below to some of the many cases construing similar statutes in other states. *Harris* v. *Swanson Bros.,* 67 Ala. 486; *Royal Lumber Company* v. *Elsberry,* 63 So. 785; *Ewing* v. *Shelton,* 34 Mo. 518.

. The appellant then having been owner of the trust deed by assignment and as such having received satisfaction of the same it was his duty by law either to acknowledge satisfaction on the margin of the record or to deliver to the mortgagors sufficient deed of release. *Henry* v. *Orear,* 104 Mo. App. 570; *Wayne* v. *Insurance Company,* 181 Mo. App. 381; Sec. 2844, R. S. 1909; *Ewing* v. *Shelton,* 34 Mo. 518). This applies as well to the assignee of a part of the note secured as it does to the assignee of all. *Hill* v. *Wright,* 83 Mo. App. 460; *Daniel* v. *Densmore,* 32 Neb. 40.

After setting out the statute (which is similar to ours) the court held: (1) That the plaintiff in error was in fact the assignee of the mortgage although no formal assignment had been made on that instrument. (2) That the note is the debt and the mortgage the mere incident. (3) That the mortgagee after he had assigned the debt could not enter satisfaction so as to effect the rights of the assignee. (4) That the action should be brought against the one who has the power legally to cancel the debt. (5) That it is erroneous, when an assignee holds the mortgage, to join with him in the action the mortgagee or any one else who could not execute satisfaction of the mortgage. (6) When the assignee of the mortgage had negligently omitted to provide himself with authority to satisfy, he was liable for the cost of a suit to obtain a judicial satisfaction of it. (7) That the fact that the assignee was not the assignee of record is no defense. See, also, *Perkins* v. *Matteson,* 40 Kan. 165; *Galloway* v. *Litchfield,* 8 Minn. 188;

*Schumacher* v. *Falter,* 113 Wis. 563; *Jolderns* v. *Schrimp,* 77 Mo. 383.

Under the principles announced in the above cases and under the facts of this case, always keeping in mind the fact that the statute is highly penal, we think it clear that the action in this case cannot be maintained against Yarbrough.

ANDERSON, J., delivered the opinion of the court.

Appellant, I. N. Brown, sued appellee, L. H. Yarbrough, in the circuit court of Madison county for the fifty dollars penalty as well as actual damages provided by section 2781, Code of 1906 (Hemingway's Code, section 2285), for a failure to enter satisfaction upon notice as required by said statute upon the margin of the record of a deed of trust appellant had previously given appellee to secure an indebtedness from the former to the latter of twenty-five thousand dollars. There was a trial and directed verdict in favor of appellee, from which appellant prosecutes this appeal.

There is no conflict in the evidence as to the controlling facts, which are as follows: Appellant being indebted to appellee in the sum of twenty-five thousand dollars, executed a deed of trust on a large amount of real and personal property in Madison county to secure the same, which deed of trust was duly placed upon record in said county. However, before it was filed for record, appellee, for the purpose of securing a large indebtedness he was due to one J. L. Hart, assigned said deed of trust to said Hart by simply entering such assignment on the margin of said deed of trust and signing the same, said assignment being in the following language:

"Assigned and transfered to J. L. Hart as collateral and security on my note dated October 4, 1914, for $35,000. [Signed] L. H. Yarbrough."

When the deed of trust was recorded this assignment was transcribed by the clerk as a part of the record of the deed

of trust: Appellant paid appellee the indebtedness in full secured by said deed of trust. Before doing so, however, appellant went to the assignee of said deed of trust, J. L. Hart, and got his permission to settle said indebtedness with appellee. Appellant gave appellee the notice prescribed by said statute, section 2781, Code of 1906 (Hemingway's Code, section 2285), to enter satisfaction on the margin of the record of said deed of trust in the manner provided by said statute. Appellee promised after the receipt of such notice to comply with appellant's request, but failed to do so. Thereupon appellant brought this suit for the penalty and unliquidated damages provided for in the said statute. The statute in question is in this language:

"Any mortgagee or *cestui que trust,* or the assignee of any mortgage or *cestui que trust,* of real or personal estate, having received full payment of the money due by the mortgage or deed of trust, shall enter satisfaction upon the margin of the record of the mortgage or deed of trust, which entry shall be attested by the clerk of the chancery court and discharge and release the same, and shall bar all actions or suits brought thereon, and the title shall thereby revest in the grantor. And if such mortgagee or *cestui que trust,* or such assignee, by himself or his attorney, shall not, within one month after request, cancel on the record the said mortgage or deed of trust the beneficiary shall forfeit the sum of fifty dollars, which can be recovered by suit on part of the party aggrieved, and if, after request, he fail or refuse to make such acknowledgment of satisfaction, the person so neglecting or refusing shall forfeit and pay to the party aggrieved any sum not exceeding the mortgage money, to be recovered by action; but such entry of satisfaction may be made by any one authorized to do it by the written authorization of the mortgage or beneficiary, and shall have the same effect as if done by the mortgagee or beneficiary."

Appellant's contention is that appellee alone was under duty to enter satisfaction of the deed of trust in question;

that the assignee, Hart, if he had any interest it was a mere equitable interest; that the legal title to the note and deed of trust was in the appellee, and that therefore he alone had the power and was under the duty to comply with the statute. On the other hand, appellee contends that the statute in question should be strictly construed, being highly penal, and that, although said Hart, who held the note and deed of trust by assignment, had consented that appellant pay off and discharge the same to appellee, still said Hart had the legal title to said indebtedness, and therefore he alone had authority to cancel said deed of trust and enter the satisfaction on the record required by said statute.

In construing this statute in *Mortgage Co.* v. *Burke,* 80 Miss. 643, 32 So. 51, the court said, among other things: "If it be said that we are standing too strictly upon the letter of the statute, the reply is we do so because the action is given solely by the letter of the statute. Upon compliance with the letter appellees may recover; without it, they cannot."

Appellee contends, however, that the legal title to the indebtedness secured by this deed of trust was not in the said J. L. Hart because there is nothing to show that the indebtedness was ever transferred to him; that by the assignment from appellee to said Hart the former only assigned the deed of trust. All will concede (this court has so held time and again) that the transfer of an indebtedness secured by a deed of trust carries with it the security. Why should not the converse be true? There is just as much reason for it, especially where that was the intention of the parties, although unexpressed in the assignment. If this is not true the transfer of the deed of trust would be a vain and fruitless thing, for the assignee would get nothing. As we understand, this court has so held in *West* v. *Union Naval Stores Co.,* 116 Miss. 743, 77 So. 609, and there can be no doubt but, under section 717, Code of 1906 (Hemingway's Code, section 496), the assignee of a chose in action gets the legal title with the

right to sue thereon. We conclude therefore that the assignment vested the assignee, Hart, with the legal title to said indebtedness and its security, and, notwithstanding said indebtedness had been paid and discharged in full with Hart's consent, still he was at least the holder of the naked legal title thereof and until divested of the same he alone had the power to comply with the statute. But conceding that the statute does not cover one in Hart's attitude, still construing the statute strictly as must be done, appellee was without power to comply therewith because certainly he did not have the legal title, although vested with the full equitable interest. We are unable to see the application of *Coon* v. *Robinson Mercantile Co.*, 110 Miss. 700, 70 So. 884, relied on by appellant.

*Affirmed.*